1830.

In the matter
of Hemiup.

---

### In the matter of HEMIUP.

Upon an application under the statute. (2 R. S. 110, § 61,) to rectify certain irregularities in the sale of real estate made by an administratrix under an order of a surrogate, it was held that an injunction to stay proceedings at law could not be granted until the report of the master came in, as to the facts and the names and residences of the persons entitled to the estate, as heirs or devisees, or as persons claiming under them.

Upon the appearance of the parties entitled to the estate, a temporary injunction may be granted, to stay the proceedings at law until the question

as to the fairness of the surrogate's sale is determined by the court; and a reference will be made to a master to examine the witnesses as to this point.

1830.

In the matter of Hemiup.

Wherever the court of chancery has power to make an order in consequence of possessing jurisdiction over the subject matter of the suit or proceeding, and which a person is bound to obey in consequence of his being either actually or constructively a party to the suit, it may enforce obedience to such order by the process of injunction founded upon a petition merely, although no bill has been filed against such person.

The filing of the petition in such cases is a substitute for a bill, and is a sub-stantial compliance with the statute, (2 R. S. 179, § 71.

The provision of the statute prohibiting the issuing of an injunction until the bill is filed, relates only to those cases where the court obtains its jurisdic-tion of the cause in no other way than by a proceeding by bill.

The court has no power to rectify any other irregularities in a surrogate's sale than those specified in section 61, (2 R. S. 110.)

The remedy of the purchaser in other cases is either at law against the ex-ecutor or administrator upon the covenants in his deed, or by bill against the heirs, upon the ground that they have been benefitted by the proceeds of the sale.

A PETITION was presented in this case, under the provi-sions of the revised statutes, to rectify certain irregularities in the sale of real estate by an administratrix under a sur-rogate's order, and to confirm the sale. (2 R. S. 110, § 61.) The petition set forth the sale, and stated that the petitioner had acquired title by divers mesne conveyances from the purchaser; that the heirs at law of the intestate had commenced an action of ejectment to recover the prem-ises from the petitioner; and that he had recently discov-ered his title under the sale to be defective, because no dis-creet person had been appointed by the surrogate to join in the sale, as was required by the statute in force at the time the order for such sale was made. (1 R. L. 451, § 24.) The petitioner prayed for the usual order of reference un-der the statute; and also for an injunction to stay the pro-ceedings at law in the mean time.

December 7th.

THE CHANCELLOR decided that in that stage of the proceed-ings his authority was special, and was limited by the statute to the making of an order of reference to the master to re-port as to the facts, and the names and residences of the per-sons entitled to the estate as heirs at law or devisees of the decedent, or as claiming under them. That until such pre-

liminary examination and report had been made by the master, the court could not know who were the persons against whom the proceeding was instituted. That having no jurisdiction, either over the property for the recovery of which the suit at law was brought, or over the persons of the plaintiffs in that action, an injunction to stay their proceedings at law could not then be granted.

After notice had been published, and had been served on the heirs at law of the intestate residing in this state, the latter appeared to show cause why the sale and conveyance should not be confirmed. The chancellor not being prepared to decide the question at that time, the application was renewed, on the part of the petitioner, for an injunction or order to restrain the trial of the suit at law until the final decision of this matter.

*J. Rhoades*, for the petitioner.

*S. M. Hopkins*, for the heirs at law.

THE CHANCELLOR. The heirs at law who come here to oppose this application are now parties to a suit or proceeding before the court; and as such parties they may be compelled by an order of the court to do, or to refrain from doing any thing which is necessary to enable the chancellor to exercise the jurisdiction and give such relief to the petitioner as was contemplated by the statute. It would be a matter of course, on a bill filed, to enjoin the heirs at law from proceeding in the ejectment suit until the question could be disposed of on this application. The relief asked for here would be in a great measure useless if the heirs were permitted to go on with their suit at law and obtain possession of the property, and collect their costs and the mesne profits, while these proceedings were delayed by a protracted examination of the merits, or by an appeal to the court for the correction of errors from the decision of the chancellor.

The provision of the revised statutes, (2 R. S. 179, § 71,) which prohibits the issuing of an injunction until the bill is filed, is to be construed in connection with the section, immediately preceding, relative to the subpoena. Those pro-

visions relate only to cases where the court obtains jurisdiction of the cause by a proceeding by bill ; and where, by the English practice, the plaintiff was in some cases permitted to take out and serve a subpœna and injunction before his bill was actually filed. (1 Grant. Ch. Prac. 18.) It is a mere extension of the 22d section of the statute 4 Anne, ch. 16, which contained an exception in favor of injunction bills. There is a variety of cases in which this court enforces its orders and decrees by injunction, where the proceeding is founded on a petition only, and without any bill filed. The filing of the petition in these cases, which is a substitute for a bill, is a substantial compliance with the requirement of the statute. In this case the notice which is required to be served on the heirs at law, or to be published if they are absentees, is a substitute for the subpœna, and gives the court jurisdiction over their persons, so far as is necessary to compel obedience to any order properly made in relation to the subject of this proceeding.

Wherever this court has power to make an order in consequence of having jurisdiction over the subject matter of the suit or proceeding, and which a person is bound to obey in consequence of his being either actually or constructively a party to the suit, it may enforce obedience to such order by the process of injunction, under the seal of the court ; which is the usual way of giving notice of its orders and decrees to those who are not actually or constructively present in court. Thus in the case of Creagh, a lunatic, whose property was under the control of the court, in the hands of a committee, an injunction, founded on a petition merely, was issued, to restrain the tenant of the estate from committing waste thereon. (1 Ball & Beat. 108.) And in *Casamajor* v. *Strode*, (1 Sim. & Stu. 381,) where a person, not a party to the suit, had become a purchaser under the decree, the court decided that he had thereby submitted himself to its jurisdiction, as to all matters relating to him in that character, and might by order be compelled to pay the purchase money. He was therefore enjoined from committing waste on the property sold until the purchase money was paid. It is also the ordinary practice of the court, where it has made a decree for an account and

distribution of the fund in the hands of executors and trustees, to restrain legatees and creditors, not parties to the suit, from proceeding at law against the executors or trustees ; whether such creditors or legatees have come in and proved their debts under the decree or otherwise. And this is constantly done by petition in the original suit, and without the expense of a new bill against the parties enjoined. (*Beauchamp* v. *The Marquis of Huntley*, Jacob's Rep. 546. *Farlon* v. *Wilson*, 11 Price's Rep. 95. Eden on Inj. 25.) So also in proceedings before the English chancellor in bankruptcy, which is not strictly a proceeding in the court of chancery, it is his constant practice to exercise the power of making orders affecting the rights of persons who are actually or constructively parties to the proceedings ; and to enforce obedience to such orders by process of injunction, under the great seal, or by commitment. (Ex parte Hardenburgh, 1 Rose's Rep. 204. Ex parte Pease, id. 232. Ex parte Figes, 1 Glyn & Jam. 122. Ex parte Gould, id. 231. Ex parte Hawkins, 1 Mont. & M'Arth. 115.)

In the case now before me the court has jurisdiction over the parties who have appeared to oppose this application. It will be necessary to direct a reference to a master, so as to give both parties an opportunity to examine witnesses, as to the bona fides of the sale, who may be unwilling to make affidavits of the facts. The ends of justice therefore require a temporary stay of the proceedings at law until this court can dispose of the question now pending before it, and an injunction must issue accordingly ; unless the plaintiffs in the suit at law will stipulate on the trial to waive the objection that no discreet person was joined with the administratrix in the sale and conveyance.

The other objections to the regularity of the proceedings ; such as the neglect of the surrogate to appoint guardians for the infant children, and the question whether he could authorize the administratrix to decide that a part of the lot could not be sold without prejudice to the heirs, or whether he should have examined and adjudicated upon that point himselfe before the order of sale was made, must be left open for the decision of the court of law. If these are defects which

render the title acquired under the sale invalid at law, they cannot be cured by the chancellor on this petition. And the purchaser must seek his remedy against the administratrix and her husband, on the covenants in the deed; or if he has any equity as against the heirs at law, on the ground that they have been actually benefitted by the proceeds of the sale, he must seek his relief by bill against them, in the usual manner.