By the Court,
Barbour, J.
This is an action brought by a person claiming possession of certain premises, as tenant, against his alleged landlord, to obtain, among other things, a perpetual injunction restraining the latter from taking any proceedings to dispossess him. The defendant’s answer alleges, inter alios, that he has already obtained a judgment, before the proper district court, directing the plaintiff to be dispossessed, and has thereunder himself been put into possession of a portion of the premises, and demands judgment that the complaint be dismissed. , Ho injunction, or other affirmative relief, is prayed for in the answer. After issue joined, the defendant, on an order to show cause, obtained from one of the justices of this court, at special term, an order, founded upon the pleadings and affidavits, enjoining and restraining the plaintiff, pending the action, “ from all attempts or efforts, of any and every description, to acquire or take possession ” of such parts of the premises as were then in the actual or constructive possession of the defendant. From that order the plaintiff appealed to the general term.
The counsel for the appellant makes two principal points here: First, that the order to show cause was irregular, inasmuch as no special reason appeared on the papers upon which it was granted for a notice of less than eight days, as required by the thirty-ninth rule of the courts ; and, secondly, that an injunction pendente lite will not be granted to a defendant in an action.
As a question of law, the defendant's counsel was undoubtedly right in assuming that an order to show cause within less than eight days, cannot properly be made, unless the papers upon which the same is founded show a reason for shortening the regular and usual tipie for notices, (pode, §§ 402, 470;) but the facts are against him. The affidavits on which the order to show cause was granted, prove, uncontradicted, that *626 the plaintiff not only threatened to take possession of the premises-claimed by the defendant, but had actually begun to dispossess him, and was continuing to disturb and annoy him in such possession. This was an injury which the defendant was entitled to prevent or stop at once, if at all, by means of the injunction of the court. The reason for making the order returnable within eight days, was, therefore, apparent upon the papers presented.
The second point of the appellant, however, is well taken. Justice Story says, in his Treatise upon Equity Jurisprudence: “ In the early course of chancery proceedings, injunctions to quiet the possession of the parties before the hearing were indiscriminately granted to either party, plaintiff or defendant, in cases where corporeal hereditaments were the subject of the suit.” (Story’s Eq. Jur. § 869.) But he adds, (in § 170 :) £c The practice of granting injunctions of this sort has, it is • said, become obsolete in England, if not .altogether, at least in so great a degree that there are few instances of it in modern times.” Within the last century, certainly, injunctions there, as well as with us, have, as a general rule, been allowed to a plaintiff only, and then always upon a bill containing a prayer for that remedy. (Id. §§ 862, 863. Eden on Inj. 70, 71, 72.) An exception to the rule last mentioned is found in a decision of Chancellor Walworth, in the Matter of Hemiup, (2 Paige, 316,) where an injunction was granted on a petition without bill; but in that case the petitioner was treated throughout substantially as a complainant, and the persons sought to be restrained as defendants, in the proceeding. Other similar exceptions will be found collated in Eden on Injunctions, pp. 70, 71, 72. But no case has been cited or found, in which an injunction was granted in this state, under the old practice, to a defendant, except upon appointing a receiver, or awarding an injunction to a plaintiff, and as a condition thereof.
But, whatever may have been the practice in this regard under the former system, we are of opinion that the courts of this state have no authority, since the adoption of the Code of Procedure, to grant an injunction to a defendant, except, *627 perhaps, as a condition to some relief given to the plaintiff. For, formerly, the power of the court in awarding injunctions during the progress of the suit, was rendered effective only by its writ, and the Code has wholly abolished the writ of injunction. (§ 218.) We must look to the Code, therefore, for all the power which the courts possess to award an injunction as remedial relief during the controversy, and that simply authorizes such an injunction to be granted, by order, to a plaintiff, and not to a defendant.. (Id. § 219.)
Having arrived at this conclusion, it is unnecessary to consider whether the order, appearing, as it does, by its terms, to enjoin the plaintiff from further proceeding with the suit itself, is not too broad.
The order appealed from should be vacated and set aside, with costs.