## In the matter of the Receivers of the Globe Insurance Company.

The receivers of an insurance company which was rendered insolvent by the great fire in the city of New-York, appointed pursuant to the act of January, 1836, are subject to the control of the court of chancery. And an order of the court directing or controlling them in the discharge of their duties is not only binding upon them, but also upon the creditors of the insolvent corporation.

Where bills or petitions are filed in the first or third circuit, the designation or marking of the paper in conformity to the seventh rule of the court determines the question whether the suit or proceeding is instituted before the chancellor, or before the vice chancellor of the circuit where the bill or petition is filed.

When a summary proceeding has been commenced and is pending before a vice chancellor, who has thus obtained jurisdiction of the case, the chancellor will not proceed upon an original petition in relation to the same matter.

Directions as to the duties of receivers of insolvent corporations in the settlement of the claims of creditors and in the distribution of the fund.

April 19.

This was a petition of the receivers of the Globe Insurance Company, appointed under the act of the 18th of January, 1836, for the more convenient adjustment of the affairs of certain insurance companies in the city of New-York, rendered insolvent by the late fire in that city, for the order and direction of the court relative to the discharge of their duties. All the facts necessary to a correct understanding of the decision are fully stated in the opinion of the court.

*R. G. Rankin*, for the petitioners.

THE CHANCELLOR. Most of the questions presented for the decision and direction of the court, are those in which the creditors of the corporation are interested; and no direction should be given by the court in relation thereto, without giving those creditors a chance to be heard. Although these receivers are not appointed by the court of chancery, the legislature intended that they should be subject to the control of the court, in the same manner as receivers of insolvent corporations appointed by the court of chancery under the provisions of the 41st section of the article of the revised statutes relative to proceedings against corporations in equity; (2 R. S. 464;) and they possess all the powers of receivers thus appointed. There can, therefore, be no doubt as to the power of the court to control and direct them in the execution of their duties, and that any order of the court in relation thereto, made upon a summary application, will not only be obligatory upon the receivers, but binding upon all the creditors of the corporation, so long as it remains in full force; and that the remedy of the receivers or of any creditors who may be dissatisfied with such order, is by an appeal. It will also be the duty of the court to enforce obedience to such orders as may be made in the premises, and to protect the receivers, by injunction, from all suits and prosecutions by the creditors of the corporation, for any thing done by such receivers in obedience to the orders of the court.

It was the intention of the legislature, not only in the act of January last, but also in the provisions of the article of the revised statutes to which I have before referred, to provide a summary mode of closing up the concerns of insolvent corporations, without the expense and delay of formal suits to settle and ascertain the claims of creditors. It would therefore be improper to permit any such suits to be commenced by creditors to ascertain their rights to a distributory share of the fund; but they should be compelled to submit them to a reference under the provisions of the statute; and if any creditor refuses to present his claim for adjustment, the distribution of the fund should be made without reference to such claims, except in those cases where

1836.

In the matter of the Receivers of the Globe Ins. Co.

1836.

In the matter
of the Receiv-
ers of the
Globe Ins. Co.

the receivers are able to ascertain and liquidate the amount of such claim by the books and papers of the company in their possession.   But as it would be impossible to give personal notice to all the creditors, to present their claims for adjustment, and a notice in the papers might not reach those creditors who reside out of the city within the short time which is necessary to a speedy adjustment of the claims against the corporation, so that the sufferers by the fire shall not be kept out of their share of the fund for any considerable length of time, the receivers should endeavor, as far as possible, to ascertain the amount justly due to each creditor, whether he actually presents his claim therefor or otherwise.   And at the meeting of the creditors, to be called pursuant to the 74th section of the revised statutes, (2 *R. S.* 470,) if any questions arise which require the direction and decision of the court before a distribution of the fund is made, they may be submitted in a summary manner, or upon the petition of the party making a claim to preference in payment, or other claim against the fund ; and upon such notice as the court may think proper to direct, if the service of a personal notice is impracticable, or would be inconvenient or expensive.   But as the order of the court upon such an application must be decisive of the rights of the parties unless appealed from, the court should not proceed upon a mere ex parte hearing, without directing some notice to be given, either in the public papers or otherwise, so that the several creditors interested in the fund and whose rights might be affected by the decision, may have an opportunity to be heard.   It would therefore be improper for me, upon this ex parte petition, to undertake to give any direction to the receivers in relation to the various questions which appear to have arisen, even if I had jurisdiction of the case ; although some of those questions appear to be so plain as not to admit of a reasonable doubt.

I am satisfied however, upon examination, that I have no jurisdiction of this case except upon appeals which may be made from the decisions of the vice chancellor of the first circuit therein.   Although the act of January, 1836, appears to give jurisdiction to the court of chancery generally, which

would authorize either the chancellor or the vice chancellor to take original cognizance of the case, the second section of the act directs the certificate of the appointment of the receivers to be filed with the *clerk of the court of chancery for the first circuit.* As the assistant register is the clerk of the first circuit only in relation to proceedings before the vice chancellor, this provision appears to indicate an intention on the part of the legislature that these proceedings should be commenced and conducted, in the first instance, before the vice chancellor of that circuit. But even if the parties had a right to commence and carry on the proceedings upon this receivership before the chancellor or the vice chancellor at their election, it is too late, after the jurisdiction of the vice chancellor has attached by the institution of the proceedings before him in this matter, to apply to the chancellor directly in any future stage of the proceedings, except by appeal; unless the vice chancellor is interested or otherwise disabled from hearing the application, so as to authorize it to be made before the chancellor under the act of January, 1834. The seventh rule of the court directs the register and assistant register to enter the proceedings in causes pending before the chancellor, in books separate and distinct from those in which the proceedings before the vice chancellor are entered and kept, and also to keep the pleadings and other papers in such causes separate and distinct. And to enable them to keep them separate and distinct, the solicitor or other person filing the papers is required to designate, on the back thereof, whether the proceeding is before the chancellor or before the vice chancellor. And as bills and petitions are addressed to the chancellor in all cases, the designation or marking of the paper, in conformity with the seventh rule, is the only mode of determining the question whether it was the intention of the party to institute his proceedings before the chancellor or before the vice chancellor, when such papers are filed in the first or third circuits. By the exemplified copies of the proceedings which were filed in this cause, under the second section of the act of January last, it appears they were all marked as filed " before the vice chancellor of the first circuit;" and the official oaths of the receivers are

marked in the same manner. This marking of the pa-pers, therefore, independent of the statute itself, must be considered as conclusive evidence of the election of the corporation and the receivers to give jurisdiction of the case to the vice chancellor. And his jurisdiction of the case having once attached, it would be improper for the chancellor to proceed upon an original petition in relation to the same matter, which the vice chancellor was competent to hear and decide. (*Kennedy and others, infants,* 5 *Paige's Rep.* 244. *In the matter of Hopper, a lunatic, Idem,* 489.) The petition must therefore be dismissed, but with liberty to the petitioners to apply to the vice chancellor in such a manner as they may be advised. It may, perhaps, be proper for me to suggest, that the act of January last only contemplates the appointment of receivers to take charge of the property of the insolvent corporation and to distribute it among the creditors ; that the corporation itself is not to be dissolved by a decree of the court upon this proceeding, but remains in existence for the purpose of enabling its officers to take the necessary steps to raise a new capital under the act of February last. I cannot see, therefore, that the receivers have any thing to do with the stock of the corporation, or with the transfers thereof upon the books of the company. The subject appears to be under the exclusive control of the directors and officers of the corporation.