By the Court.
Duer, J.
Nearly the entire argument, on the part of the plaintiff, rests upon the assertion that the vice chancellor of the second circuit had no jurisdiction of the suit in which the decree of foreclosure and sale was pronounced, and, consequently, that the decree itself, and all the proceedings under it, are wholly void.
It is useless to consider whether, even, upon the supposition that the decree was invalid, the plaintiff would be entitled to recover in the present suit, since we are clearly of opinion, that the single fact that some of the defendants resided within the circuit of the vice chancellor, who made the decree, was sufficient to maintain his jurisdiction.
It must be admitted, that if the words “ concurrently with the chancellor, and exclusive of any other circuit judge,” in that section of the revised statutes (2 R. S. p. 168, § 2) which defined the equitable jurisdiction of the circuit judges, must be understood as meaning, that, in all cases, at the time of the commencement of a suit, the jurisdiction, concurrent with that of the chancellor, could only belong to a single judge, the objection .to the jurisdiction, which has been pressed upon us, (as the subject matter in controversy was in this city,) would be unanswerable and fatal; but this construction of the words in question would be directly repugnant to other provisions in the section ; *461 nor is a resort to it, at all, necessary to explain the introduction of the words and satisfy their meaning. They may be so construed as to give to the entire section a reasonable and consistent interpretation.
The statute declares that every circuit judge within the limits of his circuit, shall have jurisdiction, concurrently with the chancellor and exclusive of any other circuit judge, in all causes and matters in equity, in the following cases :
1. When such causes or matters shall have arisen within the circuit of such judge ; or,
2. When the subject matter in controversy shall be situated within such circuit; or,
3. When the defendants or persons proceeded against, or either of them, reside within such limits.
The construction which we adopt, is, that the classes of causes here enumerated are distinct and separate, so that a circuit judge, before whom an equity suit was brought, might rightfully exercise jurisdiction, if the case could be justly referred to any one of them ; in other words, if the existence, within his circuit, of any one of the alternative facts, upon which the jurisdiction is made to depend, could be truly averred.
It is obvious, that upon this construction, several judges might have had an equal right to entertain the suit before it was brought, and the jurisdiction be rendered exclusive only by its actual commencement, since the cause of action might have arisen within one circuit, the subject matter in controversy be situated within another, and the defendant reside within a third. It seems to us, equally clear, that the terms of the law allow no distinction to be made between the alternative facts, as to their effect in conferring jurisdiction, but compel us to say, that if the jurisdiction might be exercised by a judge within whose circuit the subject matter in controversy was situated, although neither the cause of action had arisen, nor was the defendant residing within it, the fact of such residence, independent of other circumstances, would equally avail to confer the authority. In other words, residence is just as plainly stated as a distinct, substantive ground of jurisdiction, as the origin of the causes of action, or the locality of the subject matter.
If the construction, which has been stated, is rejected, there *462 is only one other, as it seems to us, that can be adopted. It must be held, that no circuit judge could in any case acquire jurisdiction, unless by a concurrence of all the facts which are specified as conditions of its exercise ; that is, unless the cause of action had arisen, and its subject matter was situated, and the defendants, or one of them, resided within his circuit. To effect this, the three classes of cases, which the statute has so plainly distinguished, must be resolved into one, and the disjunctive “ or,” by which they are separated, be stricken out, and the connective “ and ” be substituted. We think, however, that so material an alteration of the words of the law, would be gratuitous and arbitrary. We are aware, that in the construction of a statute, as well as of a will, “ and ” may in some cases be substituted for “ or,” and vice versa, but this can never be done, unless the change is necessary to carry into effect an intention, which is shown, from other provisions, to be manifest and certain. We are by no means satisfied in-the-present case, that the intention of the legislature was such as to require the alteration. On the contrary, we are persuaded that the legislature could not have intended to restrict the equitable powers of the circuit judges, within such narrow limits, as the alteration, if made, would certainly have imposed. We are persuaded, that the legislature intended that, in every case, a jurisdiction concurrent with that of the chancellor, should belong to one, at least, of the judges, and cannot, therefore, admit a construction, which, in a very large proportion of cases, would have rendered his jurisdiction, not concurrent, but exclusive. It was in order to relieve the chancellor, that equity powers were vested in the circuit judges, and so far as the terms of the statute may admit,it is this intention that courts have been bound to effectuate.
It is said, however, that the construction upon which we have insisted, however reasonable it may seem, is not to be reconciled with the terms of the statute, and cannot, therefore, be admitted. It is contended, that by adopting it, the declaration that the jurisdiction of each circuit judge, in the specified cases, shall be exclusive of any other judge, will be rendered ineffectual and void ; and that in judging of the intent of the legislature, it is far more reasonable that “ or ” shall be construed “ and,” than that the significant words which contain this decía *463 ration, and which could only have been inserted upon deliberation, shall be wholly expunged.
That the words in question have created some difficulty in the construction is not to be denied, since it is not readily understood in what sense q jurisdiction can be deemed exclusive, which several judges may, at the same time, be equally competent to exercise. The reply to the objection, given upon the argument, was that the jurisdiction was meant to be exclusive only when it had attached by the commencement of the suit, and that the words “ exclusively of any other judge,” refer to its actual exercise, not to an antecedent right. Although we were at first disposed to acquiesce in this reply, we own, that upon further reflection we have been led to doubt its sufficiency. It was certainly not necessary to declare that the jurisdiction, thus interpreted, should be exclusive, since in all cases a jurisdiction which, previously to its exercise, is concurrent, in several judges, becomes exclusive in him before whom the suit is actually brought. It is exclusive as soon as it attaches, and in this sense the equitable jurisdiction of each circuit judge was just as exclusive of that of the chancellor himself, as of that of any other judge (6 Paige 105. In the matter of the Globe Ins. Co.).
The statute, however, declares that the jurisdiction of every circuit judge as a vice chancellor, shall be concurrent with that of the chancellor, which necessarily means “ concurrent ” as an existing right, prior to its actual exercise, and it seems a just conclusion that the jurisdiction which is declared to be exclusive, refers to the same period, and means “ exclusive,” not in consequence of, but prior to, the commencement of the suit in which its exercise is required, that is, an exclusive right to entertain the suit. The words “ concurrently ” and “ exclusively,” as used, are opposed to each other ; but there is no real opposition unless they are understood in the sense that has been explained.
Yet, if we adopt this construction, it is by no means necessary, in order to give effect to the intention which, we certainly believe, was that of the legislature, that the words, which create Lhe difficulty we admit, should be wholly expunged ; but it is necessary that they should be understood, with a qualification, which may reconcile them with the provisions that follow. *464 This qualification, indeed, is not expressed, but unless we impute to the revisors and the legislature a palpable contradiction, it is certainly implied.
We understand then the words, “exclusively of any other judge,” as applying to every, other judge who in the enumerated cases would not be competent to exercise the jurisdiction ; in other words, within whose circuit no one of the facts necessary to found the jurisdiction could be truly alleged to exist. Thus interpreted, there is sufficient room for the application of the words in the sense which it has been admitted belongs to them, and the reason and propriety of their insertion become apparent. It was foreseen, that in most cases the jurisdiction would be exclusive, as an antecedent right, in a single judge. It would be so, not only when all the jurisdictional facts were found to co-exist within the same circuit, but, in all cases, when the origin of the causes of action, or the locality of the subject matter in controversy, or the residence of the defendant, in suits against a single defendant, was the sole ground upon which the jurisdiction could be raised (Brown v. Brown, 1 Barb. Ch. R. 189; Burckle v. Eckart, 3 Denio 282, S. C.; 3 Comst. 139); and in cases not falling under either of these categories, although the jurisdiction might be concurrent, prior to its exercise, in several judges, it would yet be exclusive of some. It is true there was a bare possibility that the words “ exclusively of any other judge,” might, in some cases, not be applicable. Cases in which, before the institution of a suit, each judge would have an equal right to entertain it; but as this could only happen when one or more of the defendants resided in each of the eight circuits of the state, it is not improbable, that a contingency so very unlikely to happen, and which probably never has happened, was wholly overlooked. A possibility so remote cannot be regarded as a serious objection to the construction we have suggested.
It is this construction, therefore, that we adopt, persuaded that it explains and expresses, truly, the intent of the legislature. By adopting it, we give to the words “ exclusively of any other judge,” their appropriate sense ; we render them consistent with the other provisions of the section, and we relieve ourselves from the necessity of striking them out as .superfluous *465 or contradictory—superfluous, if they only declared a consequence which, whether declared or not, must have followed ; contradictory, if they could only be understood in the literal, unqualified sense which the argument for the plaintiff requires. We repeat, that we are saved from this necessity, since assuredly we could not have sacrificed to doubtful expressions the clear legislative intent, which, we have shown, is manifested by the other provisions of the section,
We have taken more pains than might seem to be necessary to explain and vindicate our judgment, arid we have done so from the conviction that the question we are deciding is of real and grave importance. It concerns not alone the parties to the present suit. We believe that, during the whole time, that the former organization of our judiciary was in force, the understanding of the bar and of judges throughout the state, as to the jurisdiction of the vice chancellors, corresponded substantially with the views that we have expressed ; and, hence, if the decree upon which this defence is founded were declared a nullity, we should not venture to compute the number of those, upon which the like sentence might hereafter be pronounced. It is needless to dwell upon the consequences that would ensue. The multiplied and vexatious litigation, the disturbance of established titles, the ruin in which many would be involved, and the wide-spread anxiety and alarm. The continued existence of doubt, upon a question, threatening these consequences, would itself be a positive evil, and it is this, that we have been desirous to prevent. This is, probably, the first case in which an argument founded upon these doubts has been addressed to a court of justice, and, we may hope, it will be the last. We add, that although there is no decision to which we can appeal as an express authority, yet, it appears to us, that in every case in which the question as to the statutory jurisdiction of the vice chancellors has arisen, the truth of that construction of the statute, upon which we have insisted, is either admitted in terms or plainly implied. It is so in the cases we have before quoted, Brown v. Brown and Burckle v. Eckart, and in the following— Bicknell v. Field, 8 Paige 443; Bank of Orleans v. Skinner, 9 Paige 308; and Cromwell v. Cunningham, 4 Sand. Ch. R. 384.
Another ground, upon which the plaintiff seeks to recover, is, *466 that he was not a party to the decree of foreclosure and sale, and is, therefore, not hound by its provisions and the proceedings under it. It is not denied that he was originally a party to the suit, that the bill was taken against him as confessed, and that in the pleadings and decree he is mentioned as one of those whose rights, in the equity of redemption, were meant to be foreclosed and barred.
But it is contended, that by the amendment of the bill, his prior default in not answering, was opened and superseded, and that as the amendment was made without notice, and no copy of the amended bill was served upon him, all the subsequent proceedings, as against him, must be deemed irregular and void. To this conclusion, however, we cannot assent. Although the amendment of the bill was proper, and perhaps necessary to show the jurisdiction of the court, yet as it neither altered the title of the complainant to the relief that was sought, nor the relief itself, in its substance or form, we think, it may be justly regarded as merely formal. As the facts correspond with the amendment, it worked no prejudice to the plaintiff, when made, nor does it furnish to him now, any reasonable ground of com-, plaint. . There may have been some irregularity in the proceedings, which the court in which they were had, upon application, might have corrected, but there is no irregularity that would justify us in holding the decree and the sale under it to be wholly void. We think, on the contrary, that they have given a title to the defendant which the plaintiff is not at liberty to impeach.
The judgment at special term is affirmed, with costs.