## IN THE MATTER OF THE APPLICATION OF THE ATTORNEY-GENERAL v. THE GUARDIAN MUTUAL LIFE INSURANCE COMPANY.

A corporation, like a natural person, may appear voluntarily by attorney; and such appearance gives jurisdiction to the same extent as if there was actual service of process.

The regularity of the appointment of a receiver of a life insurance corporation upon petition of the attorney-general, cannot be questioned collaterally by any other tribunal than the one by which he was appointed.

A decree upon such application dissolving the corporation and appointing a receiver vests in the latter all the property of the corporation.

The receiver represents both the corporation and creditors and stockholders, and in his character as trustee for the latter he may disaffirm and maintain an action as receiver to set aside illegal or fraudulent transfers of the property of the corporation made by its officers or agents, or to recover its funds or securities invested or misapplied.

The Supreme Court having acquired jurisdiction of proceedings for winding up the affairs of the corporation, and having appointed a receiver, has jurisdiction to stay the suit of a creditor brought to recover assets to which the receiver is entitled, in whatever court such suit may be pending.

The stay may be granted on motion in the proceedings; it is not necessary for the receiver to bring an action for that purpose.

Upon application to the Supreme Court by the attorney-general under the general insurance act (§ 17, chap. 463, Laws of 1853; chap. 902, Laws of 1869) against the G. L. Ins. Co.; said corporation was dissolved and a receiver appointed. The decree was granted upon return of an order to show cause, service whereof was admitted by the attorney of the corporation, who appeared upon the hearing. At the time of the appointment an action was pending in the New York Common Pleas, brought by policyholders against said corporation and others to recover its assets alleged to have been illegally diverted. After the appointment of the receiver he was, upon motion, made a party defendant in said action. He also brought an action to recover the assets so alleged to have been illegally transferred, and upon his motion an order was granted perpetually staying proceedings in said action in the Common Pleas. *Held*, that the Supreme Court acquired jurisdiction of the proceedings by the presentation of the petition of the attorney-general, and of the corporation on the appearance by its attorneys, and therefore had jurisdiction to grant the decree; that the right of action to recover said assets vested in the receiver upon his appointment; that the Supreme Court had power, in its discretion, to grant the order staying proceedings; and that this court could not interfere with its exercise.

(Argued April 8, 1879; decided May 20, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term perpetually staying proceedings in an action in the Court of Common Pleas of the city and county of New York.

On May 8th, 1877, upon application on order to show cause and on the petition of the attorney-general, an order or decree was granted dissolving the Guardian Mutual Life Insurance Company and appointing Henry R. Pierson receiver of its assets. Service of the order to show cause was admitted by the attorneys of said company, who appeared upon the hearing. At the time of the granting of said decree an action was pending in said Court of Common Pleas, in which William Carlisle and wife, who were holders of paid-up policies in said company were plaintiffs, against said company, The Universal Life Insurance Company, and certain of the officers of the companies, to set aside and have declared void certain agreements between said companies and to recover certain assets of the Guardian alleged to have been illegally transferred under said agreements. After the appointment of the receiver he was, upon motion, made a party defendant in said action. He commenced an action as receiver against the companies and others for substantially the same cause of action, and then made the motion and obtained the order in question staying the proceedings in the former action.

*W. I. Butler*, for the appellants. The receiver had no right to ask for an injunction against the appellants. (*In re Colvin*, 3 Md. Ch. Dec., 280; Kerr on Recrs. [Bispham, 2d ed.], 215, 221; *Ruggles* v. *Brock*, 6 Hun, 164; *De Groot* v. *Joy*, 30 Barb., 483; *Tracy* v. *First Nat. Bank of Selina*, 37 N. Y., 523.) The invalidity of the judgment of dissolution may be shown in a collateral action. (*Furguson* v. *Crawford*, 70 N. Y., 259; 3 id., 511.)

*R. W. Peckham*, for respondent. The court in this proceeding had authority to restrain the proceedings of plain-

tiffs in the Carlisle Case without commencing an action therefor. (*Thompson* v. *Brown*, 4 J. Ch., 619, 641; *Travis* v. *Myers*, 61 N. Y., 542.)   The voluntary appearance of the company by its attorney was sufficient to give the court jurisdiction and to bind the company.   (O. Code, § 131; *Watson* v. *Cabot*, 5 Sand., 423; *Granger* v. *Swartz*, 11 Leg. Obs., 346; *McCormack* v. *Penn. R. R.*, 49 N. Y., 303; *Osborn* v. *U. S. Bank*, 9 Wheat., 738, 830; *Brown* v. *Nichols*, 42 N. Y., 26; *Insurance Co.* v. *Oakley*, 9 Paige, 496.) The company could waive the examination required by statute.   (*Barnes* v. *Duckinfield*, 18 N. Y., 592; *Hendrickson* v. *Hinckley*, 17 How. [U. S.], 443; *Crim* v. *Haudley*, 94 U. S., 659; *Smith* v. *Nelson*, 62 N. Y., 286.)   The proceedings by the attorney-general take precedence over any action looking simply to a distribution of the assets of the company through a receiver. (*Attorney-General* v. *Continental L. Ins Co.*, 53 How. Pr., 16; *Erie R. Co.* v. *Ramsey*, 45 N. Y., 637.)

ANDREWS. J.   The Supreme Court acquired jurisdiction of the proceeding for the appointment of a receiver of the Guardian Life Insurance Company, by the presentation of the petition of the attorney-general, setting forth that the superintendent of the insurance department, had communicated to him that he had made an examination of the affairs of the company, and that it appeared to the superintendent from such examination, that the assets of the company were insufficient to reinsure its outstanding risks.   (Laws of 1853, chapter 463, § 17; id., 1869, chapter 902.)   The court having acquired jurisdiction of the subject matter by the presentation of the petition, acquired jurisdiction of the corporation, by its voluntary appearance by its attorneys, on the return of the order to show cause, service of which had previously been admitted by them.   This service, followed by the appearance of the attorneys on the return of the order, bound the corporation, and dispensed with the necessity of actual service of the order on the president, or

other officers of the company. There is no proof that the appearance by the attorneys was unauthorized, and the presumption is that they appeared by authority of the corporation. A corporation, like a natural person, may appear voluntarily by attorney, and such appearance gives jurisdiction to the same extent as if there was actual service of process. (*Osborn* v. *U. S. Bank*, 9 Wheat., 830; *Brown* v. *Nichols*, 42 N. Y., 26; *McCormack* v. *Penn. R. R. Co.*, 49 id., 303; *Watson* v. *Cabot Bank*, 5 Sandf., 423; Code, § 139.) The court therefore had jurisdiction to make the decree dissolving the corporation, and appointing a receiver. If the decree was improvidently granted, or if for any reason it should be set aside or modified, relief can be had upon application, by any party interested, to the court, by which it was made, but the regularity of the appointment of the receiver, cannot be questioned by any other tribunal. (*Frowd* v. *Lawrence*, 1 Jac. & Walker, 635; *Russell* v. *East Anglican Railway Co.*, 3 MacN. & Gord., 104; 3 Daniels' Chy. Pr., 511; High on Rcers., § 203.) The decree against the Guardian company, dissolved the corporation, and vested in the receiver appointed thereby all its property, assets and effects for the purpose of distribution among the creditors, and other persons interested in the fund, under the direction of the court, and the provisions of the Revised Statutes, relating to the distribution of the effects of insolvent corporations. (Laws of 1853 chap. 463, §§ 11, 17; *In re Globe Ins. Co.*, 6 Paige, 102.)

It is the settled doctrine that the receiver of an insolvent corporation represents not only the corporation, but also creditors and stockholders, and that in his character as trustee for the latter, he may disaffirm and maintain an action as receiver to set aside illegal or fraudulent transfers of the property of the corporation, made by its agents or officers, or to recover its funds or securities invested or misapplied. (*Gillett* v. *Moody*, 3 Comst., 479; *Talmadge, Prest., etc.*, v. *Pell*, 3 Seld., 328; Laws of 1858, chap. 314.) The suit brought by the receiver after his appointment, against the

Universal Life Insurance Company and certain individuals, to set aside and have declared void certain agreements between the Guardian Insurance Company, and the Universal Life Insurance Company, and to recover the assets of the Guardian company, alleged to have been illegally transferred to, or received by the defendants, was a proceeding in the course of his duty as receiver. The right of action vested in him upon his appointment. It was his duty to seek to recover assets of the company fraudulently or illegally transferred, or misapplied, and upon recovery they would be held by him for the benefit of all the creditors. The order which is the subject of this appeal is an order of the Supreme Court, made on the application of the receiver staying further proceedings in a suit commenced in the Court of Common Pleas, of the city and county of New York, by William S. Carlisle and wife, who were the holders of paid-up policies in the Guardian company, amounting to about $500, against that company, The Universal Life Insurance Company, and certain officers of those companies for substantially the same cause of action as in the suit subsequently commenced by the receiver. If the court below had power to grant the order staying and enjoining further proceedings in the Carlisle suit, and to do this upon motion and without a suit commenced for that purpose, this court cannot interfere or review the exercise of its discretion. We think that the Supreme Court had jurisdiction to enjoin the further prosecution of the Carlisle suit. That suit was commenced before the receiver of the Guardian company was appointed, and the relief asked was in part prevented from being obtained in that action by the appointment of a receiver upon the application of the attorney-general. The receiver as the representative of all the creditors, was the proper person to prosecute the action to recover the assets of the Guardian company, and he commenced an action for that purpose, with the sanction as it must be presumed of the court which appointed him. If the Carlisle suit was continued and a recovery had therein, the receiver would have been entitled to receive the fruits of the

judgment. The decree dissolving the corporation, and appointing a receiver, was a decree in the nature of a decree in favor of all the creditors, and they were entitled to come in on the distribution, and be heard in respect to their claims. The Supreme Court, having acquired jurisdiction of the proceedings for winding up the affairs of the corporation, had we think, jurisdiction to stay the suit of a creditor, brought to recover assets, to which its receiver was entitled, in whatever court the suit was pending. The creditors are parties to the proceeding for the dissolution and winding up of the corporation through the receiver, and as such are subject to the control of the Supreme Court, and may be restrained from any interference with the assets in the hands of the receiver, or with his administration of the affairs of the corporation. The receiver is the officer of the court appointing him, and his possession is the possession of the court. The court will not permit his possession to be distributed and will protect him from molestation in the discharge of his duties. (*Angel* v. *Smith*, 9 Ves., 335; *Ames* v. *Trustees of Birkenhead Docks*, 20 Beavan, 332; *De Winton* v. *The Mayor of Brecon*, 28 id., 200; *Columbian Book Co.* v. *DeGolyer*, 115 Mass., 67.) In respect to the question made that an injunction staying the proceedings in the Carlisle suit, could only be obtained in an action brought for that purpose, the answer is that the decree dissolving the corporation, and for a distribution of the assets is a decree in the nature of a judgment, for all the creditors, and they are subject to the summary jurisdiction of the court in matters pertaining to the administration of the estate of the insolvent corporation. (*Thompson* v. *Brown*, 4 Jo. Chy., 642; *In re Hemiup*, 2 Paige, 316; *Travis* v. *Myers*, 67 N. Y., 542; *Peck* v. *Crane*, 25 Vt., 146; 3 Daniels' Chy. Pr., 1617.)

We think the court had power to make the order staying proceedings in the Carlisle suit, and the order of the General Term should therefore be affirmed.

All concur.

Order affirmed.