## ATTORNEY GENERAL *v.* GUARDIAN MUT. LIFE INS. CO.

(*Supreme Court, Special Term, New York County.* December 26, 1888.)

1. INSOLVENCY—PREFERRED CLAIMS.
    3 Rev. St. N. Y. (7th Ed.) p. 2401, § 79, provides that the assets of insolvent corporations shall be distributed in the following order: (1) All debts entitled to preference under the laws of the United States. (2) Judgments actually obtained against such corporation to the extent of the value of the real estate on which they shall respectively be liens. (3) All other demands, without preference. *Held,* that a judgment rendered after the appointment of a receiver, who received no real estate belonging to the corporation, belongs in the third, and not in the second, class.

2. SAME—INSTRUCTIONS TO RECEIVER.
    The court has power, upon the application of the receiver, to determine the class to which a claim properly belongs, and to enter an order accordingly.

At chambers.

This was an application by H. R. Pierson, receiver of the Guardian Mutual Life Insurance Company, for instructions as to whether a certain judgment rendered against said company, and in favor of Albert H. Wright, was entitled to preference over the claims of general creditors. The application showed that the judgment in question was entered subsequent to the appointment of the receiver; that in the proceedings in such appointment an order of reference was made to Albert H. Parsons to take proofs of the claims and demands against the insolvent corporation, and that in Parsons' report Wright's claim was allowed as a judgment against the insolvent, but without preference over the claims of general creditors; that Wright was represented by counsel at the hearing before the referee, and that no preference for the judgment was then claimed; that after the referee's report had been confirmed, certain dividends were declared and paid by the receiver, and by the superintendent of insurance, and that on each occasion Wright, the judgment creditor, received his dividend as upon a general claim, entitled to no preference over other claims, and that his claim was so treated by the receiver and superintendent. Further facts appear in the opinion.

*Rosendale & Hessberg,* for receiver. *T. B. Wakeman* and *L. B. Bunnell,* for Wright.

LAWRENCE, J. In this case I am of the opinion that the judgment creditor is not entitled to any preference over the other creditors of the insolvent corporation. The judgment was not entered until long after the appointment of the receiver, no real estate came into the possession of the receiver, and the corporation did not, so far as the papers show, own any real estate upon which the judgment became or could become a lien. It also appears that no execution was ever issued upon the judgment. It is provided by statute that the assets of insolvent corporations shall be distributed by the receiver among all those who shall have exhibited their claims as creditors, and whose debts shall have been ascertained as follows: (1) All debts entitled to a preference under the laws of the United States. (2) Judgments actually obtained against such corporation to the extent of value of the real estate on which they shall respectively be liens. (3) All other creditors of such corporation, in proportion to their respective demands, without giving any preference to debts due on specialties. 3 Rev. St. (7th Ed.) p. 2401, § 79.

It is obvious that the judgment in question is not a debt which is preferred under the laws of the United States. It is equally certain that there is no real estate upon which it has become a lien. The debt, which is evidenced by the judgment, must therefore fall under the third class, which relates to general and unpreferred creditors.

It seems to me that a mere perusal of the statute is sufficient to settle the question of preference which is involved in this motion. See, also, *Attorney General* v. *Insurance Co.,* 100 N. Y. 279, 3 N. E. Rep. 193. Again, it may well be doubted whether the judgment creditor is not estopped by the proceedings taken before Mr. Parsons, the referee, and by the report made therein, which was confirmed by this court, and also by the payments of the dividends which were made under that report. As to the power of the court to grant this motion, it seems to be only necessary to refer to the case of *Attorney General* v. *Insurance Co.,* 77 N. Y. 277, and cases cited in the opinion of the court. Let an order be entered on one day's notice, in accordance with these views.