## In re HOME PROVIDENT SAFETY FUND ASS'N.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

1. RECEIVERS—DISBURSEMENTS—IMPROVIDENT ORDER.

    Where a receiver makes disbursements, by order of court, out of a fund transferred to him by a depositary under an order of court improvidently awarded, he cannot, when required to return the fund, be compelled to return the disbursements also, as a personal liability.

2. SAME—RETURN OF PAYMENTS.

    In such case it is proper to require the persons to whom the disbursements were made to return the same to the receiver.

Appeal from special term, New York county.

Proceedings for the voluntary dissolution of the Home Provident Safety Fund Association of New York. On the 7th of May, 1884, the Home Provident Fund Association executed an instrument by which it agreed with its certificate holders to create a safety and a tontine pension fund, and constituted the Farmers' Loan & Trust Company the trustee thereof. The association thereafter, under the trust agreement, deposited with the trust company money and bonds amounting in the aggregate to about $10,867.70. On January 27, 1890, an order was made by this court directing the trust company, upon demand, to turn over to Charles H. Daniels, Esq., receiver, all funds, securities, and property received by it from the Home Provident Safety Fund Association, or held by or under any contract made with the corporation, in trust or otherwise, for the members of the corporation. The trust company was not a party to the proceedings, and no notice of the application for such an order was ever given to it. The order specifically directed the payment of trust money; and the trust company, believing that its duty in the premises was to comply therewith, without consulting counsel, turned over the property to the receiver. The funds which the trust company had in its possession, and which it delivered to the receiver, have been claimed by certain policy-holders of the Home Provident Safety Fund Association. After receiving these funds, the receiver, by order of the court, made certain disbursements out of the same, amounting to nearly $2,000, and incurred certain liabilities for rent, printing notices, and counsel fees to the amount of about $1,000. On these facts being presented to the judge who made the order in question, an order was made by the court directing the receiver to return the property, the order by which it was obtained having been improvidently made, and directing the parties to whom such disbursements were made to return the same to said receiver. From this order the receiver, Charles H. Daniels, and George S. Hastings and Albert H. Gleason, attorneys at law, and Charles A. Jackson and Charles D. Burrill, referees, to whom the receiver had paid certain counsels' and referees' fees and expenses, respectively appeal.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Nelson Smith,* for appellant receiver. *Hastings & Gleason, pro se. Charles A. Jackson, pro se.,* and for appellant Charles D. Burrill. *Turner, McClure & Rolston,* for respondent, Farmers' Loan & Trust Company.

PER CURIAM. We are of the opinion that so much of the order appealed from as directs the receiver to pay over the funds and property received by him to the Farmers' Loan & Trust Company should be reversed. The receiver, in making the payments made by him, was acting under the order of the court, and should not now have, in effect, a fine imposed upon him for obeying an order which was improvidently granted. The trust company, as appears from the papers, must have had the order in its possession as early as the 27th of January, 1890, and when it transferred the 10 $1,000 bonds, on the 13th of February following, it had had the order for at least 17 days. Without taking the advice of counsel, it voluntarily transferred the moneys and bonds, and it would seem to be too late for it now, as against the receiver, to question the propriety of the order. Even if this is not so, it may well be questioned whether the trust company makes out a case, under the order, entitling it to a return of the property. Upon this point, however, we express no opinion. The title to the property remained in the corporation, notwithstanding the execution of the trust-deed, and upon the appointment of the receiver the right to the possession of all the corporate property vested in him. *Attorney General* v. *Insurance Co.*, 77 N. Y. 277. The cases cited by the counsel for the trust company do not hold a different doctrine. In *Re Guardian, etc., Ins. Co.*, 13 Hun, 115, the court held that, under the peculiar provisions of the acts relating to the superintendent of the insurance department, the distribution of the property of the insolvent corporation should be committed to that officer. It was not held that the title to the property did not remain in the corporation. We are, however, of the opinion that the parties to whom the receiver had distributed the moneys, under the order in question, should return the same to him, in order that, upon a full hearing of all the parties interested, such disposition may be made of the fund as to the court shall seem just and equitable. No costs to either party on this appeal.