(80 Misc. Rep. 186.)

### GREENHALL v. HURWITZ et al.

(City Court of New York, Trial Term. March, 1913.)

1. BANKRUPTCY (§ 114*)—RECEIVER—POWERS.

Under Bankr. Act July 1, 1898, c. 541, § 2, subd. 3, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), the bankruptcy court is limited to the appointment of a receiver "to take charge of the property of the bankrupt" pending the election of a trustee, and a receiver appointed by it does not obtain title, but obtains merely a temporary right to the custody of the assets of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 115*)—RECEIVER—ORDER TO SUE—OPERATION AND EFFECT.

An order of the bankruptcy court authorizing a receiver to sue is not conclusive, in an action brought by the receiver pursuant thereto, upon the question of whether he has any cause of action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 115.*]

3. BANKRUPTCY (§ 115*)—RECEIVER—RIGHT TO SUE—POWERS OF TRUSTEE.

The receiver of a bankrupt's estate has no power, merely by virtue of his appointment, to institute an action to recover debts due the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 165; Dec. Dig. § 115.*]

4. BANKRUPTCY (§ 114*)—RECEIVER—ORDER TO SUE—COLLATERAL ATTACK.

Where a receiver is appointed in bankruptcy proceedings by an order of the United States court authorizing him to sue upon the outstanding indebtedness of the bankrupt, such order is valid until set aside by the court making it, and is not subject to collateral attack.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

Action by Charles Greenhall, receiver in bankruptcy of Goldsmith & Steckler, against Harry Hurwitz and another. On motion by defendants for judgment on the pleadings. Motion denied.

H. & J. J. Lesser, of New York City, for plaintiff.
H. Cook, for defendants.

FINELITE, J. The defendants move for judgment on the pleadings, upon the grounds that the complaint fails to state facts sufficient to constitute a cause of action, and that said plaintiff had no authority in law to sue. It appears from the complaint herein that on or about the 5th day of May, 1912, the defendants bought certain goods, wares, and merchandise of the firm of Goldsmith & Steckler at the agreed price of $1,226.07; that thereafter, and on the 13th day of August, 1912, a petition in bankruptcy was filed against the said Goldsmith & Steckler; and that on the same day the plaintiff was appointed receiver. It further alleges that on the 3d day of September, 1912, an order was duly made by the District Court authorizing the plaintiff to sue upon all the outstanding indebtedness of said Goldsmith & Steckler. The answer is in substance a general denial.

[1] Defendants contend that the plaintiff has no standing in court, in that the title to the cause of action herein still inheres in the said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Goldsmith & Steckler, and that, so far as the allegations of the complaint are concerned, if any cause of action does exist, it is one which can be brought only by Goldsmith & Steckler, or by some one to whom they transferred title. The basis of this contention lies in the difference to be observed between the status of a receiver and that of a trustee in bankruptcy. A reference to the Bankruptcy Act will render the distinction very obvious. Under subdivision 3, section 2, of the National Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]), courts of bankruptcy are empowered to "appoint receivers or the marshals, upon application of the parties in interest," and "in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." Under this subdivision it can be seen that the bankruptcy court is limited to the appointment of a receiver "to take charge of the property of the bankrupt" pending the election of a trustee, and in no sense does he obtain title to the assets of the bankrupt, as the appointment is merely a temporary right to the custody thereof, and the power to name a person who shall take title thereto inheres, not in the court, but in the creditors in meeting assembled.

[2] It follows, therefore, that even though the court made an order authorizing the receiver to sue, such an order in no wise concluded this court upon the question as to whether or not the receiver has, under the Bankruptcy Act, any cause of action. The operation of such an order is simply to remove the prohibition to which otherwise the receiver is subjected. This authorization simply permits the receiver to set up whatever right he has in the state courts, but it does not determine in itself that he has any rights.

The question before the court, however, is not altogether a new one. The right of receivers to commence an action upon a claim owned by the bankrupts was passed upon by several federal judges. The cases of Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 Fed. 550, Matter of Kolin, 134 Fed. 557, 67 C. C. A. 481, and Boonville Nat. Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43, in substance hold that a receiver is a mere custodia legis of property taken from the possession of the bankrupt until a trustee is appointed; that he does not exercise the power of a trustee, and, while he may take appropriate measures incident to the protection of the property in his custody, and in case of perishable property may, under the direction of the court, sell the same when necessary, yet he is not authorized, nor can the bankruptcy court properly direct him, to take possession of property held and claimed adversely by third parties, or to institute actions as such receiver of property claimed to belong to the bankrupt estate, or, in other words, it is apparent that the receiver has only a tentative and limited authority, and that authority is restricted exclusively to obtaining manual possession of the tangible property of the bankrupt, for the purpose of preventing the disappearance of such property.

[3] As by section 70 of the Bankruptcy Act it provides that "the trustee of the estate of the bankrupt, upon his appointment and qual-

ification, * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * " therefore the official representative of the estate is one to whom a majority of the creditors have confided a trusteeship by way of election. Upon him, therefore, is conferred a right, as well as a duty, of commencing suits on behalf of the bankrupt's estate. The right to commence a suit involves a right to settle and compromise it, and this is precisely a right that the law did not contemplate a receiver should have. Therefore the law is plain that a receiver of a bankrupt's estate has no power to institute an action to recover the debts due a bankrupt.

[4] But a different question arises where a receiver is appointed in a bankruptcy proceeding by order of the United States court. Such order appointing said receiver has been held to be valid until the court wherein said order was made first sets it aside. As High on Receivers (4th Ed.) § 203, says:

"It follows, therefore, that in an action instituted by a receiver in matters connected with his trust, as to obtain possession of funds belonging to him in his official capacity, if proper record evidence of his appointment is produced, it will be regarded as conclusive upon the question of the receiver's right. The court proceeds in such a case upon the ground that it is immaterial whether the appointment was proper or improper in the first instance, and that while it remains a subsisting order of a court of competent jurisdiction it is not to be questioned, unless by appropriate proceedings to test its validity."

It has been held that, unless it appears manifestly clear that the order of appointment was an absolute nullity by reason of entire absence of jurisdiction in the court that made it, it cannot be assailed in a collateral proceeding (Barbour v. Nat. Exchange Bank, 45 Ohio St. 133, 12 N. E. 5); and the Court of Appeals has laid down this rule that if a decree was improvidently granted, or if for any reason it should be set aside or modified, relief can be had upon application by any party in interest to the court by which it was made, but the regularity of the appointment of the receiver cannot be questioned by any other tribunal. Attorney General v. Guardian Mutual Life Ins. Co., 77 N. Y. 272. Therefore the receiver, in bringing this action as the complainant of the bankruptcy proceeding, was acting within the scope of the decree of the court by which he was appointed, and, as that decree or order was made by a court having jurisdiction of the necessary parties and of the subject-matter, it is a valid order or decree, and is not subject to collateral attack. Slaughter v. Louisville & N. R. Co. (Tenn.) 27 Am. Bankr. Rep. 570, 143 S. W. 603.

The motion for judgment on the pleadings must therefore be denied.

Motion denied.