GEORGE F. WOERISHOFFER, Respondent, *v.* THE NORTH RIVER CONSTRUCTION COMPANY.

THE ALBANY AND RENSSELAER IRON AND STEEL COMPANY, Appellant.

A court having power to, and which appoints a receiver of the assets of an insolvent corporation, may, in aid of that appointment, forbid any after interference, by way of levy and seizure by attachment or execution, with the property in his possession.

The provisions of the Code of Civil Procedure (§§ 603 *et seq.*), in reference to injunctions have no application to such a case.

The exercise of the right to restrain such interference being in the discretion of the court, its determination is not reviewable here.

*It seems,* an objection, that upon the complaint in the action for a receiver no relief can be granted, should not be disposed of on motion to restrain any such interference.

(Argued June 9, 1885 ; decided June 23, 1885.)

APPEAL by the Albany and Rensselaer Iron and Steel Company from an order of the General Term of the Supreme Court, in the first judicial department, made January 28, 1885, which affirmed an order of Special Term amending a former order as hereinafter stated.

On January 12, 1884, the said The Albany Iron and Steel Company commenced an action against The North River Construction Company, defendant herein. On January 14, a warrant of attachment was issued in said action and levied on property of the defendant. Prior to the date last mentioned, a receiver had been appointed by the Court of Chancery of New Jersey of said defendant, which was a New Jersey corporation. On said January 14, this action was commenced by a stockholder of the Construction Company for the appointment of a receiver of its property and effects in this State, and upon motion an order was granted appointing the New Jersey receiver ancillary receiver here. On February 7, 1881, on motion of plaintiff an order was made restraining all persons from bringing or prosecuting suits or proceedings against the defendant, or interference in any way with its assets. The Iron and Steel Company made a motion to vacate said order, on which motion an order was made July 17, 1884, modifying the former order so far as it restrained the prosecution to judgment of its action by the moving party, and so far as it prevented it from collecting or enforcing any judgment it might obtain against property which may have been attached before the appointment of the ancillary receiver. The motion in other respects was denied.

*A. J. Parker* and *Benjamin H. Bristow* for appellant. The injunction order cannot be sustained under the general provisions of the Code regarding injunctions. (Code, §§ 603, 604, 611–613, 620, 1805, 1806, 1781–1803.) There was no inherent power in the court to make the order. (*Phœnix F. Co.* v. *N. R. Cons. Co.*, 33 Hun, 156; *Wilkinson* v. *N. R. Cons. Co.*, 66 How. Pr. 423.) A court of equity has no inherent power to make an injunction restraining one who is not a party to the suit. (*Fellows* v. *Fellows*, 4 Johns. Ch. 25; *Watson* v. *Fuller*, 9 How. Pr. 425; *Edmonston* v. *McLoud*, 19 Barb. 356; *In re French Manuf. Co.*, 12 Hun, 488; *In re Waterbury*, 8 Paige, 380; *Fellows* v. *Heermans*, 13 Abb. Pr. [N. S.] 1; *Erie Ry. Co.* v. *Ramsay*, 45 N. Y. 645; *Spears*

*v. Matthews*, 66 id. 127.) Plaintiff failed to show that he was entitled to any final relief whatsoever. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Kelly* v. *Crapo*, 45 id. 86; *H. Nat. Bk.* v. *Lacombe*, 84 id. 385; *Willitts* v. *Waite*, 25 id. 577; *Dunlap* v. *P. F. Ins. Co.*, 12 Hun, 627; 74 N. Y. 145; *Warner* v. *Jaffray*, 96 id. 248; *Metropolitan Co.* v. *Manhattan Co.*, 14 Abb. N. C. 103; *Moses* v. *McDevitt*, 88 N. Y. 62.)

*Charles B. Alexander* for respondent, Charles F. Woerishoffer. The order is not appealable. (2 Daniel's Ch. Pr. [4th Am. ed.] 1743; *Dunlop* v. *Patterson F. I. Co.*, 77 N. Y. 153; *Nicoll* v. *Boyd*, 90 id. 520; *Connolly* v. *Kretz*, 78 id. 620; *Foote* v. *Lathrop*, 41 id. 358; *Schaettler* v. *Gardner*, 47 id. 404; *In re Platt*, 9 J. & S. 513; *Foster* v. *Buffalo*, 92 N. Y. 629; *Van Dewater* v. *Kelsey*, 1 id. 533; *Paul* v. *Munger*, 47 id. 469; *People* v. *Schoonmaker*, 50 id. 499; *Young* v. *Campbell*, 75 id. 525; *Selden* v. *Vermilyea*, 1 id. 533.) Property in the hands of a receiver cannot be seized in execution. (*Dunlop* v. *P. Ins. Co.*, 74 N. Y. 147; *Noe* v. *Gibson*, 7 Paige, 513; *Spinning* v. *Ohio L. I. & T. Co.*, 2 Disney, 368.) The court had power to make the order appealed from, and power to make the original order, of which the order appealed from is a modification. (*Wilkinson* v. *N. R. Cons. Co.*, 66 How. Pr. 423; *Att'y-Gen'l* v. *Guardian Mut. Life Ins. Co.*, 77 N. Y. 272; 2 Story's Eq. Jur. 891; *Erie Ry.* v. *Ramsay*, 45 N. Y. 637; *Schell* v. *Erie Ry. Co.*, 51 Barb. 368.) A case was made for the order applied for, and for the modifying order. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Barclay* v. *Tallman*, 4 Edm. Ch. 123; *Murray* v. *Vanderbilt*, 39 Barb. 146; *Redmond* v. *Enfield Manfg. Co.*, 13 Abb. [N. S.] 332; *Redmond* v. *Hoyt*, 3 Hun, 176; Code, § 1810; *Brennan* v. *Wilson*, 4 Abb. N. C. 279; *Van Hein* v. *Elkus*, 8 Hun, 516; *Worthy* v. *Benham*, 13 id. 176; *Att'y-Gen'l* v. *Guardian Mut. Life Ins. Co.*, 77 N. Y. 272.)

*Howard Mansfield* for respondent, The North River Construction Company. The order sought to be reviewed is not

appealable to this court. (*Atty.-Genl.* v. *Guardian Mut. Life Ins. Co.*, 77 N. Y. 272 ; *Noe* v. *Gibson*, 7 Paige's Ch. 513 ; *P. F. & M. Co.* v. *North River Cons. Co.*, 33 Hun, 166.) This is not a case in which the receivership, or any order made in support of it, may be set aside by this court on the ground that it plainly appears upon the face of the complaint that, by settled adjudications, the plaintiff, upon the facts stated, is not entitled to relief. (*Wilkinson* v. *North River Cons. Co.*, 66 How. Pr. 423 ; *P. F. & M. Co.* v. *N. R. C. Co.*, 33 Hun, 156 ; *Woerishoffer* v. *N. R. C. Co.*, 6 Civ. Pro. 113 ; *Selchow* v. *Baker*, 98 N. Y. 59 ; *Hatch* v. *W. U. Tel. Co.*, 93 id. 640; *Calkin* v. *M. Oil Co.*, 65 id. 557.) Plaintiff was, upon the facts stated in the complaint, clearly entitled to final relief, and, by express terms of the statute, to the provisional remedy of a receivership. (*Barclay* v. *Tallman*, 4 Edw. Ch. 123 ; *Murray* v. *Vanderbilt*, 39 Barb. 140 ; *Redmond* v. *Enfield Manfg. Co.*, 13 Abb. [N. S.] 332 ; *Redmond* v. *Hoge*, 3 Hun, 171 ; *Hoyt* v. *Thompson*, 5 N. Y. 339 ; *Hibernia Nat. Bk.* v. *Lacombe*, 84 id. 385.) The order here in question having been made in an action not manifestly invalid, and being such as the court below had power to grant, it follows that the exercise of discretion in granting it cannot be reviewed by this court. (*Fellows* v. *Heermans*, 13 Abb. [N. S.] 1.)

FINCH, J. The order here assailed, in its amended form, permits the Albany and Rensselaer Iron and Steel Company to prosecute its action against the Construction Company to final judgment, and to enforce that judgment upon any property attached before the appointment of the receiver in this State, and forbids only any other interference with the assets of the construction company. Its sole effect, as against the appellant, is to prevent a seizure under process, issued in its action, of assets already seized by the court, and held as well for the appellant's benefit as for that of the other creditors. It operates to prevent the Iron and Steel Company from attaching or levying upon, for its own sole benefit, property already attached and levied upon by an equitable process for the benefit

of all the creditors alike. It preserves every right and lien acquired before the appointment of the receiver by the attachment creditor, and the privilege and power of enforcing them; and so raises merely the question whether the tribunal which appoints a receiver may, in aid of that appointment, forbid any after interference by way of levy or seizure with the property in his possession. Both parties concede that the possession of the court must not be invaded; that its officer cannot be sued without its permission; and that he cannot be dispossessed except at the peril of a contempt. What then must needs be the effect of the order in this case? It commands nothing which was not already commanded; it forbids nothing which otherwise was permissible; it takes away no right or remedy which the appointment of the receiver had not already taken away. Its sole practical effect was to give notice of that appointment and the rights secured by it, and charge the specific creditor with a conscious and wilful contempt if he assailed the possession of the court. The order served was but a brief transcript of the order entered in the action appointing the ancillary receiver, for that vested in him the assets of the Construction Company and forbade not only the officers and agents of the defendant, but "all other persons" from interfering with his possession of the assets. The power of the court to make that order, in a case where it had jurisdiction to appoint the receiver as a necessary incident of that appointment, cannot be successfully disputed; and certainly it would seem strange if the power should be lost in the process of bringing that order to the notice of a specific creditor so as to insure his obedience to it.

The provisions of the Code in respect to injunctions do not apply to the case. In one sense, every order of a court which commands or forbids is an injunction. But an injunction proper is a recognized provisional remedy, and the rules of the Code apply to it as such. The order here is not of that character. It is like the one discussed in *Attorney-General* v. *Guardian Mut. Ins. Co.* (77 N. Y. 272), in the respect now under consideration. There the suit of Carlisle was restrained by

an order in the action in which the receiver was appointed, and was justified upon the ground that, as the receiver represented both stockholders and creditors, Carlisle, through that representation, was so far a party to the action that his proceedings in another suit might be stayed by an order aiming to protect the possession and authority of the receiver. The order was not granted or defended as an injunction order, but as one within the jurisdiction of a court of equity in an action pending before it, and essential to the complete remedy which it was authorized by law to give. While the facts upon which the court acted were not identical with those here presented, the ground on which the order rested and the relation of the party restrained by it to the pending action were substantially the same as in this case, and the decision is an authority for the existence, outside of the provisions of the Code as to injunctions, of power in the court to make the order complained of.

The power existing, its exercise rested in the discretion of the court and so cannot be reviewed here; and the further objection, that upon the complaint in the action for a receiver no ultimate relief can be granted, is one which ought not to be disposed of upon this motion. The courts below have sustained the sufficiency of the complaint, and it is not at all certain that they are in error. If they are, the question may more wisely be reserved to an occasion which involves it directly and necessarily.

The order should be affirmed, with costs.

All concur.

Order affirmed.