## THE LEHIGH COAL AND NAVIGATION COMPANY, PLAINTIFF, *v.* THE CENTRAL RAILROAD .OF NEW JERSEY, DEFENDANT.

### IN RE PETITION OF HORACE L. HOTCHKISS.

*Receiver of a corporation — the power of the Supreme Court to appoint one is limited to the cases prescribed by statute.*

The Supreme Court has no power to appoint a receiver of the property of any corporation, whether domestic or foreign, upon the filing of a bill by a creditor-at-large on behalf of himself and of all others similarly situated.

*Woerishoffer* v. *The North River Construction Company* (99 N. Y., 398; affirming S. C., 6 Civil Pro. Rep., 113) distinguished.

APPEAL from an order denying a motion made by one Hotchkiss, a judgment creditor of the defendant, to vacate an order entered in this action appointing a receiver of the defendant.

*Robert Sewell*, for Horace L. Hotchkiss, appellant.

*Robert W. DeForest*, for the defendant and its receiver, respondent.

VAN BRUNT, P. J.:

The order appointing a receiver in the case at bar is claimed to have been made in this action brought by the plaintiff as a creditor and stockholder of the defendant, and that the action is similar in character to the case of *Woerishoffer* v. *The North River Construction Company* (99 N. Y., 398; 34 Hun, 634; 6 Civil Pro. Rep., 113), in which the appointment of a receiver has been sustained.

In the case of Woerishoffer, the bill was filed by a stockholder, but in the case at bar, although the points of the respondent claim that the bill was filed by the plaintiffs as stockholders as well as creditors, an examination of the complaint shows that the bill was filed by the plaintiffs as creditors, and as creditors only, of the defendant, there being no allegations in the bill that the plaintiffs were stockholders of the defendant.

It is not pretended that the plaintiff was a judgment creditor of the defendant, but the only allegations in the complaint are that they hold claims against the defendant which have not been established by judgment.

It is thus seen that the facts in the case of Woerishoffer were essentially different from the one at bar, and that case is no authority to sustain the proposition that this court has any general power to appoint receivers of the property of any corporation, whether domestic or foreign, except such as is derived from our statute. This statute distinctly provides that a receiver of a corporation could only be appointed by the Supreme Court, and in one of the cases enumerated therein, and the case of a creditor-at-large is not mentioned therein. It would seem, therefore, that the plaintiff filing its bill simply as a creditor at large, on behalf of itself and of all others similarly situated, conferred no jurisdiction upon the court appointing the receiver.

This question, however, should not be finally adjudicated perhaps, without formal notice to the plaintiff, although probably it has had full notice of these proceedings, because the counsel appearing upon this appeal for the receiver was the attorney for the plaintiff herein when the bill was filed, and verified the same as such attorney.

The order appealed from should be affirmed but without costs, and leave should be given to renew the motion upon giving notice to the plaintiff in this action.

BRADY and DANIELS, JJ., concurred.

Order affirmed, without costs, and with leave to renew on notice to plaintiff.