BENNETT, Appellant, v. COMPLETE ELECTRIC CONST. CO., Defendant (WARNER, Respondent). (Supreme Court, Appellate Division, First Department, July 31, 1896.) Action by Philip J. Bennett, against the Complete Electric Construction Company and James H. Warner. Willis B. Dowd, for appellant. James H. Warner, in pro. per.

PER CURIAM. Warner began this action against the defendant corporation on the 19th day of March, 1896, and procured an attachment, which was levied by the sheriff on the next day. The receiver was appointed by the New Jersey court on the 24th day of March, and the ancillary receiver in this state was appointed on the 25th day of March. As the attachment had been levied by the sheriff upon the defendant's property in this state at the time when the receiver was appointed, the receiver took the property subject to the lien of this attachment (High, Rec. § 138), and the sheriff, who had levied upon it, had the possession of the property, and not the receiver (Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183). The order appointing the receiver contained no injunction against the prosecution of Warner's action against the company. He was therefore regular in issuing his execution upon the entry of judgment; and upon the receipt of the execution, not only had the sheriff the right, but it was his duty, to collect and pay over the money. In the absence of some order restraining the collection or restraining the payment of the money to Warner, there was no reason why he should not have taken it from the sheriff.

Nothing which he did can be construed as a contempt of court, and the order of the special term was proper, and should be affirmed, with $10 costs and disbursements.

