(31 Misc. Rep. 523.)

### FALLON v. EGBERTS WOOLEN-MILL CO.

(Supreme Court, Special Term, Albany County. April, 1900.)

1. SEQUESTRATION—REFERENCE—FUNDS CHARGEABLE—COSTS.
    Where, on plaintiff's petition for an order directing a receiver in sequestration proceedings to pay over a fund in his hands, the receiver submitted the question of its ownership to the court, and asked for instructions, and other creditors appeared in opposition to the motion, and all parties agreed that the issue should be referred, the expenses of the receiver and of the reference constituted a proper charge against the fund.

2. SAME—RECEIVERS—REFERENCE—ABANDONMENT—CONSENT TO SUE RECEIVER.
    Plaintiff was not thereafter entitled to abandon the reference, and sue the receiver as an individual, without permission of the court, since the fund in his hands was in custodia legis.

Sequestration proceedings by Stephen A. Fallon against the Egberts Woolen-Mill Company, in which J. Sheldon Frost, receiver, applied for an order staying proceedings in an action by Frederick Vietor & Achelis against him as an individual to recover a fund in his hands, and for instructions as to the ownership thereof. Motion granted.

Daring & Warner, for J. S. Frost, Receiver.
Blumenstiel & Hirsch, for Frederick Vietor & Achelis.

CHESTER, J. The receiver of the defendant moves for an order staying proceedings in an action brought by Frederick Vietor & Achelis against him as an individual. The above-entitled action was brought for a sequestration of the property of the defendant, a domestic corporation. In this action, in 1897, Mr. J. Sheldon Frost was appointed temporary receiver of the defendant. While acting as such temporary receiver, there came into his hands, by mail, addressed to the defendant, certain checks and drafts from various

persons or firms, payable to the order of the defendant corporation, and aggregating $1,634.84 in amount. Frederick Vietor & Achelis claimed to own these funds, and demanded from the temporary receiver the payment of the same to them. He declined to comply with the demand unless ordered so to do by the court. In January, 1899, judgment was obtained in this action sequestrating the property of defendant, and appointing Mr. Frost as permanent receiver. The judgment also appointed a referee to take and state the accounts of the temporary receiver. Frederick Vietor & Achelis, by their attorneys, appeared before such referee, made themselves parties to the proceeding, and there claimed the ownership of the fund in question. The referee in his report found that the moneys so claimed were the property of said firm. Thereafter the report of the referee was confirmed by the court, in so far only as it stated the amount of moneys received, the amount paid out, and the balance in the hands of the temporary receiver. It was not confirmed as to the finding with respect to the ownership of this fund, and an order was made directing that the fund, which was the balance of the moneys remaining in the hands of the temporary receiver after the payment therefrom by order of the court of certain fees and expenses of the reference, be turned over and held by the permanent receiver. The temporary receiver complied with the order, and paid this balance over to himself as permanent receiver. This balance was less in amount than the amount claimed by Frederick Vietor & Achelis, because of the deduction therefrom of such fees and expenses. In October, 1899, an application by petition in behalf of said firm was made to the court for an order directing the permanent receiver to pay these moneys over to the firm. On that application the receiver appeared by his counsel, and submitted the question to the court, and asked for instructions as to his duty in respect thereto. The attorney for sundry creditors appeared in opposition to the motion, and thereupon all counsel agreed in open court before me, although that fact does not appear upon the face of the order, that the question in controversy as to the ownership of said fund should be referred to the same referee who had theretofore had the matter before him; and an order was thereupon made appointing him referee, and directing that the question as to whether the moneys belonged to said firm be referred to him to determine and report thereon, and also to report as to the fact whether there had been a prior adjudication upon the subject. This order was afterwards amended, on motion of counsel for said firm, so as to permit the referee to sit in New York county. The referee and counsel went to New York, and began the reference, but, without taking any testimony, an adjournment was had. A stipulation was afterwards entered into by all the attorneys that the testimony of the witnesses to be examined in New York might be taken before a notary public, and that all objections to evidence made by any party might be afterwards submitted to the referee to make rulings thereupon and to indicate exceptions. A hearing was had before the notary, which was attended by the several counsel for the receiver, for this firm, and for the opposing creditors. During

the course of the hearing the attorneys for the firm declined to proceed further, and thereafter served a written notice upon the referee, the attorneys for the receiver, and for the opposing creditors that they abandoned the reference. Neither the court nor the receiver ever consented that the reference be abandoned. Frederick Vietor & Achelis thereupon brought an action against Mr. Frost individually to recover from him the same fund which is the subject of the reference, and it is the proceedings in the action so brought that the receiver by this motion asks to have stayed until the final determination of such reference, and until his final accounting as receiver herein.

With reference to the office and duties of a receiver, and the duty of the court in respect to receivers, Mr. Justice Swayne, in writing the opinion of the United States supreme court in Davis v. Gray, 16 Wall. 203, at page 217, 21 L. Ed. 452, well says:

"A receiver is appointed upon a principle of justice for the benefit of all concerned. * * * He is virtually a representative of the court, and of all the parties interested in the litigation wherein he is appointed. He is required to take possession of property as directed, because it is deemed more for the interests of justice that he should do so than that the property should be in the possession of either of the parties in the litigation. He is not appointed for the benefit of either of the parties, but of all concerned. Money or property in his hands is in custodia legis. He has only such power and authority as are given him by the court. and must not exceed the prescribed limits. The court will not allow him to be sued touching the property in his charge, nor for any malfeasance as to the parties or others, without its consent; nor will it permit his possession to be disturbed by force, nor violence to be offered to his person while in the discharge of his official duties. In such cases the court will vindicate its authority, and, if need be, will punish the offender by fine and imprisonment for contempt. The same rules are applied to the possession of a sequestrator. Where property in the hands of the receiver is claimed by another, the right may be tried by proper issues at law, by a reference to a master, or otherwise, as the court in its discretion may see fit to direct."

The only relation of Mr. Frost to this fund has been as receiver. In the petition presented by this firm, claiming ownership, they concede that he received it as such. If, as Mr. Justice Swayne says, the court will not permit "violence to be offered to his person while in the discharge of his official duties," why should it permit an action to be brought against him as an individual to recover a fund which the court has directed him to take and hold as receiver? As well might an action be permitted against the justice who made the order, directing him to take the fund; for he stands in the place of, and as the agent of, the court in holding it.

Mr. Chief Justice Fuller in a quite recent case says:

"No rule is better settled than that when a court has appointed a receiver his possession is the possession of the court for the benefit of the parties to the suit and all concerned, and cannot be disturbed without the leave of the court, and that if any person, without leave, intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishment therefor." In re Tyler, 149 U. S. 164, 181, 13 Sup. Ct. 789, 37 L. Ed. 695.

See, also, Noe v. Gibson, 7 Paige, 513; Walling v. Miller, 108 N. Y. 173, 15 N. E. 65.

The power of the court to protect property in its possession necessarily carries with it the power to protect its officer who is carrying out its orders. Woerishoffer v. Construction Co., 99 N. Y. 398, 2 N. E. 47; Attorney General v. North America Life Ins. Co., 6 Abb. N. C. 293; Beach, Rec. § 713; 20 Am. & Eng. Enc. Law, pp. 14, 262.

There may be circumstances under which a receiver incurs a personal liability to some creditor of the corporation, but this is not such a case. Everything indicates that here the receiver has acted in relation to this fund in entire good faith. He now holds it as permanent receiver, in pursuance of the order of the court made upon his accounting as temporary receiver. The fund is therefore in custodia legis, to be administered upon by this receiver as the officer and agent of the court. This firm has submitted their rights and the determination of their claim to this fund to the jurisdiction of the court in this matter, and upon their petition and request the order of reference as to the ownership of this fund was made. Expenses have been incurred, not only by the referee, but by the receiver, pursuant to this order of reference. The fund may, by order of the court, be made liable for these expenses. The receiver joined in the application for the order of reference, and asked the instructions of the court concerning his duty with reference to the fund, and is willing to abide by any order that the court may make with reference thereto, and I think the receiver is entitled to the protection of the court so long as he is acting in good faith, under the order of the court, and is fairly and impartially protecting the rights and interests of all concerned in the fund. Certain creditors of the corporation deny the claim of this firm that the fund belongs to them. When this conflicting claim arose the court had the right, of its own motion, to appoint a referee to take testimony and report, with an opinion thereon, to the end that proper directions might be given to the receiver concerning his duties in relation thereto. The court had this power without any petition on the part of this firm or of any creditor. The firm could not, therefore, abandon the reference, except by permission and order of the court. This firm having submitted the determination of their claim to this fund to the jurisdiction of the court, in this matter should be bound by any adjudication made pursuant to the order of reference to determine such claim. But they cite several cases in opposition to this motion, holding, in substance, that an action against a person in his individual capacity is not a bar to an action against the same person in a representative capacity or vice versa. The claim is that the parties are not the same, and therefore neither would be bound by any adjudication in the other suit or proceeding. None of the cases cited were actions in which a receiver was a party. They are actions where assignees, executors, administrators, or other trustees, having no official relation to the court, were parties. The cases maintain the general proposition that a person sued in a representative capacity is not concluded from maintaining an action as an individual, or vice versa, but they are not in point here. None of them hold that, where a plaintiff has brought an action against a person in his representative capacity, and was de-

feated upon the merits of the controversy, he could thereafter maintain an action against the defendant individually upon identically the same issue concerning the trust estate. The reason is apparent. Plaintiffs, having had their day in court, should not be permitted to retry the same issue affecting the same subject-matter by simply changing the suit from one against the defendant in a representative capacity to one against him in an individual capacity or vice versa. In other words, it is a right which may be asserted by a person or persons who occupy the double capacity, and not by a party occupying the position occupied by Frederick Vietor & Achelis in this case. The authorities cited do not, in my opinion, stand in the way of granting the relief here asked, for the reason, primarily, that none of them were decisions concerning trustees having any official relation to the court, such as a receiver has. This is a case where the fund in controversy is in the custody of the law, and is in the hands of the permanent receiver, who is the officer and agent of the court. His possession of the fund is but that of the court acting through him as its agent. He owes a duty, not only to the court, but to all persons having claims against, or interests in, the fund, and must obey the instructions of the court with respect to his duties. The court, by consent of all concerned, has ordered a reference to determine the claim of this firm that they own the fund, with a view to giving proper instructions to the receiver. The reference is still pending, notwithstanding the attempt to terminate it. No question is made as to the fairness or competency of the referee. The questions referred remain undetermined, and the court, in my opinion, not only has the power, but ought to exercise it in a case like this, to stay the action subsequently brought against the receiver in his individual capacity to determine the identical questions, and no others, now pending before the referee. No sufficient reason is apparent for bringing the new action. The court owes it to the receiver, who is acting in good faith, and who is awaiting its instructions, to protect him under the circumstances presented here, not only from the annoyance, but from the expenses and hazard, of the action subsequently brought against him as an individual. Parker v. Browning, 8 Paige, 388. To deny this motion would be a justification of the evasion or circumvention of the salutary rule requiring permission of the court to sue a receiver.

The motion for a stay of proceedings of the action until the final determination of the reference, and until the receiver gets the instructions of the court concerning his duties in relation to the fund in question, is granted, with $10 costs to the receiver, to be paid out of the fund in his hands, he to hold the fund until the further order of the court.