(153 App. Div. 8.)

## In re GREENE et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

INJUNCTION (§ 3*)—INSURANCE IN AID OF ACTION—STATUTES.

> In a proceeding under Membership Corporations Law (Consol. Laws 1909, c. 35) § 16, to subject a cemetery corporation to the visitation and inspection of a justice of the Supreme Court, in which the petition alleged misappropriation of the cemetery funds, the court had no authority to grant an injunction to restrain the association from transferring or selling any of its property pending the visitation; Code Civ. Proc. § 602, providing that the right of injunction has been abolished, but that a temporary injunction may be granted by order, as prescribed in the article, and the article not authorizing an injunction in such case.

> [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 3; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

In the matter of the petition of John Arthur Greene and another for a visitation by a justice of the Supreme Court of Pinelawn Cemetery. From an order at Special Term, requiring respondent to be subject to the visitation and inspection of the court, through a referee, and granting an injunction pendente lite, an appeal was taken. Affirmed, as modified.

The petition alleged the misappropriation and diversion of the cemetery funds, and the injunction restrained the cemetery association from transferring or selling any of its property pending visitation.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Gilbert W. Minor, of New York City, for appellant.

Milne, Blake & McAneny, of New York City (William Edwards Milne, of New York City, of counsel), for respondent.

CLARKE, J. Section 16 of the Membership Corporations Law (chapter 35, Consol. Laws; chapter 40, Laws of 1909), provides that:

"All membership corporations, with their books and vouchers, shall be subject to the visitation and inspection of a justice of the Supreme Court, or of any person appointed by the court for that purpose. If it appears to such court by the verified petition of a member or creditor of any such corporation, that it, or its directors, officers or agents, have misappropriated any of the funds or property of the corporation, or diverted them from the purpose of its incorporation, or that it has acquired property in excess of the amount which it is authorized by law to hold, or engaged in any business other than that stated in its certificate of incorporation, it may order that a notice of at least eight days be served on the directors of the corporation, with a copy of such petition, requiring them to show cause at a time and place to be therein specified, why they should not be required to make and file an inventory and account of the property, effects and liabilities of such corporation with a detailed statement of its transactions during the twelve months next preceding the granting of such order; and if, on the hearing of such application, no good cause is shown to the contrary, the court may make an order requiring such inventory, account and statement to be filed, and proceed to take and state an account of the property and liabilities of the corporation, or appoint a referee for that purpose; and when such account is taken and stated, it may, after hearing all the parties to the application,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

enter a final order determining the amount of property so held by the corporation, its annual income, whether any of the property or funds of the corporation have been misappropriated or diverted to any other purpose than that for which such corporation was incorporated, and whether such corporation has been engaged in any other business than that specified ·in its certificate of incorporation, from which final order an appeal may be taken by any party aggrieved to the Appellate Division of the Supreme Court, and to the Court of Appeals; but no corporation shall be required to make and file more than one inventory and account in any one year, nor to make a second account and inventory, while proceedings are pending for the statement of an account under this section."

Article 4 of said Membership Corporations Law is entitled "Cemetery Corporations." Section 60 thereof provides:

"This article does not apply to cemeteries belonging to religious or municipal corporations."

The Pinelawn Cemetery does not belong to a religious or municipal corporation, and therefore the provisions of the statute seem to apply thereto.

We are of the opinion that the propriety of the order providing for a visitation and the taking of an account sufficiently appears from the moving papers. The order, however, contains an injunction. No provision of the Code of Civil Procedure, or any other statutory authority, for the issuance of this injunction in this special proceeding to procure an order for a statutory visitation, is cited by the learned Special Term or in the briefs of counsel. Section 602 of the Code of Civil Procedure provides that:

"The writ of injunction has been abolished. A temporary injunction may be granted by order, as prescribed in this article."

There are no provisions in said article that are applicable. In Bachman v. Harrington, 184 N. Y. 458, 77 N. E. 657, it is said:

"It is well settled by repeated decisions of this court that in this state a court of equity has no inherent absolute power to grant interlocutory injunctions, but that authority therefor must be found in the Code of Civil Procedure."

And in Matter of Dietz v. Dietz, 138 App. Div. 283, 122 N. Y. Supp. 1063, this court said:

"Under the Code there does not appear to be any warrant for the granting of a temporary injunction save in an action, * * * and the difference between an action and a special proceeding is clearly drawn. * * * The only exceptions of any kind to this rule, contained in the statutes and authorizing the issuance of an injunction order, are to be found in the few isolated cases where an injunction order is authorized in a special proceeding specifically named."

The court further stated:

"And it may well be that there are instances where, in special proceedings brought for specified particular purposes under the general powers of the court, it would be authorized to issue a temporary staying order to insure the efficient execution of its final determination."

The foregoing case, and Woerishoffer v. North River Co., 99 N. Y. 398, 2 N. E. 47, and Attorney General v. Guardian, etc., Co., 77 N. Y.

272, were relied upon.  In the Woerishoffer Case the court, referring
to the order under review, said:

"Its sole effect, as against the appellant, is to prevent a seizure under process, issued in its action, of assets already seized by the court, and held as well for the appellant's benefit as for that of the other creditors.  It operates to prevent the Iron & Steel Company from attaching or levying upon, for its own sole benefit, property already attached and levied upon by an equitable process for the benefit of all the creditors alike.  It preserves every right and lien acquired before the appointment of the receiver by the attachment creditor, and the privilege and power of enforcing them, and so raises merely the question whether the tribunal which appoints a receiver may, in aid of that appointment, forbid any after interference by way of levy or seizure with the property in his possession.  *  *  *  The power of the court to make that order, in a case where it had jurisdiction to appoint the receiver as a necessary incident of that appointment, cannot be successfully disputed."

And, speaking of Attorney General v. Guardian, etc., Co., 77 N. Y.
272, the court further said:

"The order was not granted or defended as an injunction order, but as one within the jurisdiction of a court of equity in an action pending before it, and essential to the complete remedy which it was authorized by law to give."

It does not seem to us that any of these cases authorize the injunction in the matter at bar.  This is not an action; it is a mere investigation of existing conditions.  Even if it be conceded that the court, under some possible circumstances, has the power to issue stays or other restraining orders in aid of its clearly authorized process, it seems to us that such power should not be exercised in a matter of this kind to the extent illustrated by the order appealed from.

The order appealed from should therefore be modified, by striking out the injunction provisions, and, as modified, affirmed, without costs to either party.  All concur.