### In re NORTON.

(Supreme Court, Appellate Division, Second Department.   May 25, 1915.)

APPEAL AND ERROR ☞83—DECISIONS REVIEWABLE—FINAL ORDERS IN SPECIAL PROCEEDINGS.

> Membership Corporations Law (Consol. Laws, c. 35) § 16, provides that such corporations, with their books and vouchers, shall be subject to the visitation of a justice of the Supreme Court or any person appointed by such court; that if it appears by verified petition that the corporation, or its directors, have misappropriated its funds, etc., the court may order the directors to show cause why they should not be required to file an inventory, with a detailed statement of the corporation's transactions; that the court may proceed to take an account and enter a final order determining the amount of property held by the corporation, its income, whether any property has been misappropriated, etc., from which final order an appeal may be taken to the Appellate Division. *Held*, that no appeal is authorized from an interlocutory order devolving upon a referee the power of visitation and making certain conclusions as to the respective rights in the property and income of the corporation, as the remedy by visitation has always been summary, and intermediate appeals would defeat the "speedy and inexpensive judicial investigation" which the commissioners of statutory revision had in mind in revising that section.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 523–527;  Dec. Dig. ☞83.]

Appeal from Special Term, Kings County.

Proceeding on the petition of Peter J. Norton, under section 16 of the Membership Corporations Law, for a visitation by a justice of the Supreme Court of the Springfield, Long Island, Cemetery Society. From an interlocutory order, the society and certain of its directors appeal.   Appeal dismissed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Alton B. Parker, of New York City (Antonio Knauth, of New York City, and Daniel Day Walton, of San Juan, Porto Rico, on the brief), for appellants.

Robert H. Wilson, of Brooklyn, for respondent.

PUTNAM, J.   On the petitioner's application, the court at Special
Term devolved upon a referee the power of visitation to be exercised
under section 16 of the Membership Corporations Law (Laws 1909,
c. 40), with certain conclusions as to the respective rights in this prop-
erty and in the income from sales of cemetery lots.   The cemetery so-
ciety has appealed from each and every part of this order.

Will an appeal lie from such an order, which is not final?   The pow-
er of visitation over a corporation originally was administrative, and
not judicial.   Eleemosynary and secular corporations, like hospitals and
colleges, with any abuses of administration, could be visited, reformed,
redressed, and amended by the king himself.   In putting forth these
corrective powers, the chancellor acted for the crown, and not as a
court.   Thus Kent, C., said:

"In respect to charitable institutions, the chancellor exercises the power of
visitation, as the personal representative of the crown.   It appertains to
the person who holds the great seal, rather than to the Court of Chancery,
as a court of equity jurisdiction.   Ex parte Dann, 9 Vesey, 547.   It may be
exercised by a commission issued under the great seal."   Attorney General
v. Utica Insurance Co. (1817) 2 Johns. Ch. 371, 388.

Although this visitation of corporations may have been derived from
that supervision long familiar in the ecclesiastical law, the powers of
a visitor under the two systems became very different in their exercise.
An ecclesiastical visitor was considered as a quasi court, so that appeals
might be taken from his decisions.   2 Phill. Eccl. Law, p. 1046.   But
the determination of a visitor as to a hospital, college, or charitable
corporation was definitive, as no appeal lay to the king or elsewhere.
Comyns' Dig. art. "Visitor," B; 2 Kent, Com. *302.   At the present
time in England such a visitor, instead of a court, is rather an arbitra-
tor, acting under certain directions, and his decision on matters within
his jurisdiction is final, and not subject to court review.   Even the vis-
itor himself cannot relieve against his own sentence.   Halsbury, Laws
of England, vol. 4, p. 288.

In this country, visitation is by the government itself, through the
medium of the courts.   2 Kent, Com. 240.   The New York statute of
1848, to incorporate benevolent, charitable, scientific, and missionary
societies, declares all institutions so formed subject to visitation and
inspection of the Justices of the Supreme Court, or by any person ap-
pointed by the court for that purpose.   Laws 1848, c. 319, § 8.   Such
visitation was also conferred in other acts for the formation of special
kinds of corporations.·  Laws 1865, c. 368, § 8;  Laws 1875, c. 267,
§ 9;  Id. c. 343, § 7;  Laws 1888, c. 293, § 6.   None of these acts gave
any right of appeal, so that here, as in England, the sentence of a vis-
itor in the course of his oversight of such a corporation was final.
But in 1895 the commissioners of statutory revision, merging these dis-
persed acts into the Membership Corporations Law (chapter 43 of the
General Laws), included institutions not strictly charitable.   Visitation
was provided by section 16.   Upon an account directed to be taken be-
fore a referee, the court, after hearing, is to enter a final order deter-
mining whether the corporate funds have been misappropriated, from
which final order any party aggrieved might appeal to the General
Term of the Supreme Court and to the Court of Appeals.   Laws 1895,

c. 559, § 16, now Consolidated Laws, c. 35 (Laws 1909, c. 40) § 16, changing the former General Term to Appellate Division.

The revisers said their purpose was a "speedy and inexpensive judicial investigation." Rep. Com. Stat. Revision 1895, Mem. Corp. Law, p. 18. This salutary object might be lost if successive appeals were to lie from the order naming a visitor, or from other orders intermediate the application and the final order. An object of visitation often is to ascertain the corporate property by an inventory, checked and sifted by the visitor's research and probe into the corporate acts (although that is not the special relief here sought), which result might be so obstructed as to be without practical avail if those inside the corporation could hold off the visitor by taking suspensive appeals. In accordance with its purpose to let in light, correct abuses, and ascertain a corporation's true condition, the remedy by visitation has been always summary and not admitting of obstructive procedure. The revisers had this in mind, and, even without their expressed words, would be presumed to have preserved the original force of such a protective measure.. By granting an appeal from the final order, they surely did not, against their aim and purpose, let in the whole series of intermediate appeals, by which the very thing they sought could be made of little or no avail. Matter of the Commissioner of Public Works, 111 App. Div. 285, 97 N. Y. Supp. 503, affirmed 185 N. Y. 391, 78 N. E. 146; Code of Civil Procedure, § 1361. While the Appellate Division of the First Department modified an intermediate order for visitation by striking out an injunction as not a legitimate part of such a remedy (Matter of Greene, 153 App. Div. 8, 138 N. Y. Supp. 95), that review did not discuss the question of the appealability of such an interlocutory visitation order, which point does not appear to have been there raised.

The appeal is therefore dismissed, with $10 costs and disbursements. All concur.

The parties hereto having stipulated in open court that a justice may be substituted in place of BURR, J., deceased, Mr. Justice STAPLETON was so substituted.