In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance, Appellant, for an Order to Take Possession of the Property of the FIRST RUSSIAN INSURANCE COMPANY, Respondent.

FRED S. JAMES AND COMPANY, Respondent.

(Argued March 17, 1930; decided May 6, 1930.)

*James F. Donnelly, Alfred C. Bennett, John M. Downes* and *Clarence C. Fowler* for appellant. No interest upon foreign claims should be allowed in the liquidation

proceedings here. (*Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148; *Matter of People* [*City Equitable Fire Ins. Co.*], 238 N. Y. 147; *Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139.)

*Frederick B. Campbell* and *Paul C. Whipp* for First Russian Insurance Company, respondent. Interest upon the claim as allowed should be computed only from December 31, 1928, and not from January 3, 1923. (Civ. Prac. Act, § 56; *Minion* v. *Warner*, 238 N. Y. 413.)

*Louis J. Wolff* and *David Rumsey* for James & Company, respondent. Interest was properly allowed. (Civ. Prac. Act, § 480; *American Iron Co.* v. *Seaboard Air Line Ry. Co.*, 233 U. S. 261; *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *Tuzzeo* v. *American Bonding Co.*, 226 N. Y. 171; *Faber* v. *City of New York*, 222 N. Y. 255; *Matter of McAusland*, 235 Fed. Rep. 173; *Coder* v. *Arts*, 213 U. S. 223; Collier on Bankruptcy [13th ed.], vol. 2, p. 1396; *Frasse* v. *Hartford Automotive Parts Co.*, 300 Fed. Rep. 876; Remington on Bankruptcy [2d ed.], vol. 2, § 1997½.)

CARDOZO, Ch. J. By an order of the Supreme Court made in August, 1925, the Superintendent of Insurance was directed to take possession of any property in this State belonging to the First Russian Insurance Company, a Russian corporation, in order to conserve and liquidate its assets " as the nature of the case and the interests of its policyholders, creditors, stockholders or the public may require " (Insurance Law, § 63, subd. 4; Cons. Laws, ch. 28).

Before the entry of that order the respondent Fred S. James & Co., as assignee of a foreign creditor, a British corporation, had procured a warrant of attachment against the property of the insurance company in an action growing out of business transacted in Great Britain, and had caused a levy to be made upon assets of the defendant company in the possession of a trust company.

The assets thus subjected to the lien of the attachment had been deposited with the trust company in trust for the benefit of domestic policyholders and creditors. The claims of such policyholders and creditors, in so far as they had their origin in business transacted in this country, were a primary charge upon the fund, and attachment liens and others were subordinate thereto (*Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148). Even so, there was a reversionary interest in the surplus, if surplus there should prove to be, which, until an order had been made for the appointment of a liquidator, was subject like other assets to attachment or sequestration in aid of claims arising from business done abroad (*Murphy* v. *Second Russian Ins. Co.*, 240 N. Y. 554).

The Superintendent of Insurance has now completed the task of liquidation in respect of domestic claims, and holds a surplus in his hands to be disposed of as if it had been committed to his custody as an ancillary receiver (Insurance Law, § 63, subd. 5; *Matter of People* [*Second Russian Ins. Co.*], 243 N. Y. 524). This surplus, which is part of the fund that was attached while in the possession of the trust company, is claimed by the attaching creditor to the extent that recourse thereto is necessary to satisfy its lien. The debt having been proved, an order has been made that principal and interest be paid by the liquidator out of the fund in his possession. The question to be determined is the propriety of the award of interest.

There is indeed a general rule in the distribution of estates that from the time when the assets have been subjected to the administration of the law, interest ceases to run in favor of any creditor who seeks a share of the assets as a beneficiary of the trust, if the result of the allowance of such interest will be to prefer him over others (*Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139). In the case now before us, we know that after satisfying the local creditors, a surplus is available for the benefit of creditors whose claims have their origin

in business in foreign lands. We do not know how many those creditors are, nor whether the surplus will be adequate to pay them all in full. That being so, the argument is pressed that the lien of an attachment, though charged upon the fund in advance of the date of liquidation, is ineffective as security for interest subsequently accruing.

We think the argument misconceives the scope and rationale of the rule that it invokes. The claimant, the attaching creditor, is not asserting a claim to participate in the fund as a beneficiary of a trust, a member of the class or group for whom administration was assumed. The claim which it asserts is not in subordination to the trust, but in priority and even, in a sense, in hostility thereto. The lien of its attachment has put it in the same position as if it were the holder of a mortgage or of an equitable lien, the product of agreement. A receiver or other officer taking such a fund into his custody, must take it as he finds it, with all its imperfections on its head. One of those imperfections for this receivership was a lien created as security, not for principal alone, but for principal and interest. The fund is not free until the lien has been discharged (*Porter* v. *Beha*, 8 Fed. Rep. [2d] 65, 76; *Matter of Binghamton General Elec. Co.*, 143 N. Y. 261, 264; *Bennett* v. *Complete Electric Const. Co.*, 8 App. Div. 301; *Woerishoffer* v. *North River Const. Co.*, 99 N. Y. 398, 402; *Matter of People* [*Norske Lloyd Ins. Co.*], *supra*, at p. 167; *Sedgwick, Collins & Co.* v. *Rossia Ins. Co. of Petrograd*, [1926] 1 K. B. 1; 25 Lloyd List Law Reports, 453; High on Receivers [4th ed.], § 348, p. 435).

Other objections have been considered and have been found to be untenable.

The order should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.