In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance, Respondent, for an Order to Take Possession of the Property of the SECOND RUSSIAN INSURANCE COMPANY.

JOHN F. MURPHY, Appellant.

(Argued January 5, 1931; decided February 10, 1931.)

*Hartwell Cabell* and *Blaine F. Sturgis* for appellant. Claimant is entitled to interest from the due date of the claim. (*Matter of People* [*Northern Ins. Co.*], 229 App. Div. 639; *Pach* v. *Gilbert,* 124 N. Y. 612; *Gillig* v. *Treadwell Co.,* 148 N. Y. 177; *Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365; *Penoyar* v. *Kelsey,* 150 N. Y. 77; *Webb* v. *Bailey,* 54 N. Y. 164; *Lynch* v. *Crary,* 52 N. Y. 181; Drake on Attachments, § 223; *Murphy* v. *Second Russian Ins. Co.,* 240 N. Y. 554; *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.,* 245 N. Y. 1; *Van Rensselaer* v. *Jewett,* 2 N. Y. 135; *Dana* v. *Fiedler,* 12 N. Y. 40; *Miller* v. *Robertson,* 266 U. S. 243.)

*James F. Donnelly, Alfred C. Bennett, John M. Downes* and *Clarence C. Fowler* for respondent. Claimant is entitled to interest only from the date of the issuance of the warrant of attachment. (*Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365; *Matter of Stoddard* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148; 249 N. Y. 139.)

CARDOZO, Ch. J. Appellant levied an attachment upon the surplus or reversionary interest of the Second Russian Insurance Company in assets deposited in this State as security for local debts.

The domestic business having been liquidated and the local debts discharged, the surplus in the possession of the liquidator must be paid to the attaching creditor, upon proof of his claim, to the extent of the attachment lien.

The rule in that regard was settled by a recent decision (*Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365),

and is not questioned by either party. The dispute is solely as to the interest.

The respondent takes the position that in the distribution of the surplus, interest is always limited to a period beginning with the date of the warrant of attachment, and can never include interest previously accruing. The appellant insists in opposition that the interest payable by the liquidator must include whatever interest is protected by the lien.

Unquestionably the latter must be accepted as the proper rule. There was no thought in the case cited (*Matter of People* [*First Russian Ins. Co.*], *supra*) to suggest anything to the contrary. It so happened in that case that the only interest demanded was interest from the date of the attachment. The very basis of the decision was that whatever was a lien upon the fund in advance of liquidation was preserved as a lien upon the surplus when liquidation was over (cf. *Matter of People* [*Moscow Fire Ins. Co., Claim of Lesch*], 255 N. Y. 570).

The appellant is, therefore, right in his formulation of the rule, but wrong, as we shall see, in its application to the facts. In his affidavit on attachment, he demands judgment for $108,965.99 with interest from May 15, 1922, and costs and disbursements. In his warrant of attachment, dated January 19, 1923, the recital is that the amount of the demand is $108,965, without mention of the interest accruing from the earlier date, and the sheriff is commanded to attach so much of the property within the county as will satisfy this amount with interest, which, in the absence of other specification, means interest subsequently accruing. The Sheriff was not at liberty to go beyond the warrant. His levy was effective to the extent of the sum stated and no farther. Civil Practice Act, section 910, is distinct in its requirements: " The amount of the plaintiff's demand must be specified in the warrant, as stated in the proofs on which the war-

rant was granted." The proofs may have been adequate, but the warrant was not. The sum specified in the warrant is thus the limit of the lien.

The appellant can have no relief without the aid of the attachment. The corporation is insolvent, and a creditor not secured must share ratably with others.

The order should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.